SOHO PARK AND LAND COMPANY, PROSECUTOR, v. TOWN OF BELLEVILLE ET AL., RESPONDENTS.

Submitted January 27, 1928—Decided June 29, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Whiting & Moore.*

For the respondents, *John B. Brown.*

PER CURIAM.

This case is before this court on a writ of *certiorari.* The writ is directed to the board of commissioners of the town of Belleville, in the county of Essex. It brings up the action of the board taken on October 4th, 1927, by which it instructed the building inspector of the town not to issue a building permit for the erection of a factory on property of

the prosecutor in the town of Belleville, notwithstanding the board of adjustment of the town of Belleville held that a permit should be granted for the erection of a proposed industrial plant for the National Harris Wire Company. The prosecutor, Soho Park and Land Company, is the owner of the tract of land upon which it is proposed to erect a plant for the National Harris Wire Company (hereinafter called the National Company). The tract, which is in a section known as the Bellewood park section, was originally zoned for industrial purposes. In April, 1927, an amendment to the zoning ordinance was enacted which placed the tract in a residential zone. In May, 1927, the prosecutor applied to the building inspector for a permit to erect upon this tract of land a building for use as a wire factory. The inspector of buildings refused to award the permit, assigning as his reason that the zoning ordinance as amended placed the tract of land in a residential zone. The town of Belleville had created a board of adjustment under the act of 1924 (*Pamph. L.* 1924, *p.* 324), and the act of 1926. *Pamph. L.* 1926, *p.* 526. A hearing was had before the board of adjustment. It was shown that the prosecutor intended to sell the tract to the National Company provided a building permit could be obtained. The National Company was to erect and use the building as a wire factory. The tract of land upon which it was proposed to erect the factory was suitable only for industrial purposes, for which, as has been stated, it was first zoned. On September 30th, 1927, the board of adjustment rendered its decision. The board ordered that a permit be granted. This permit was to be accompanied by certain conditions which will be referred to in a companion case.

This action of the board of adjustment appears to have been displeasing to the board of commissioners. The result was the passing of a resolution by the board of commissioners instructing the building inspector not to grant the building permit notwithstanding the action of the board of adjustment. This action was taken against the advice of the solicitor for the town of Belleville. One of the commissioners at the meeting of the board of commissioners stated

that he had not expected such an opinion from the town attorney as in all other cases where parties had tried to vary the requirements of the zoning ordinance the board had instructed the attorney to fight in court. This had been done in many cases, knowing ahead of time that the town had little chance of winning, but always endeavoring to prolong the decision of these cases. He further stated that he was in favor of fighting the present case in the courts and compelling the National Company to go to court to get its permit. The purpose of the present writ of *certiorari* is to set aside this action of the board of commissioners in directing the building inspector to defy the order of the board of adjustment.

The board of adjustment acted entirely within the provisions of the law respecting such tribunals. Its action was *quasi*-judicial. It considered the entire question. It believed that the prosecutor's land was only fit for industrial purposes. It had been so zoned up to a month before the time of the prosecutor's application for a permit to erect the factory for the National Company. The land was fit for industrial purposes. It was not fit for residences. The board of adjustment, it seems to us, took a sensible and rational view of the situation. A factory would be a benefit to the town. To refuse such a use for land suitable only for industrial purposes would amount to a practical confiscation of the land. The law placed the matter within the control of the board of adjustment. It was a board recognized by the statutes mentioned. It had jurisdiction over the subject-matter. Its action could not be set aside by the board of commissioners of the town. The statutes gave no power to the board of commissioners to reverse the finding and action of the board of adjustment.

The action of the board of commissioners was also taken without notice to the prosecutor, and, consequently, without an opportunity for the prosecutor to be heard before the action was taken. This vitiates the action taken.

The resolution passed by the board of commissioners was illegal and void. It is set aside, with costs. This opens the way for the issuance of a building permit.