SOHO PARK AND LAND COMPANY, PROSECUTOR, v. THE BOARD OF ADJUSTMENT OF THE TOWN OF BELLEVILLE ET AL., RESPONDENTS.

Submitted January 27, 1928—Decided June 29, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Whiting & Moore.*

For the respondents, *John B. Brown.*

PER CURIAM.

This case is before this court on a writ of *certiorari* bringing up for review an order of the board of adjustment of the town of Belleville made on September 20th, 1927. This order directed the issue of a permit by the inspector of buildings of the town of Belleville. The prosecutor had been denied an application for a permit to erect a one-story concrete block building to be used for a wire factory. The tract of land upon which it was proposed to erect the building had been zoned for industrial purposes. It was fit only for such purposes. For some reason the zoning ordinance had been amended about a month prior to the application of the prosecutor for a building permit to erect a factory building so that the tract of land was included in a residential zone. Upon appeal to the board of adjustment the board of adjustment granted the permit. Annexed to the grant of the

permit certain conditions were imposed upon the prosecutor. The purpose of the proceeding in the present case is to consider whether or not the imposition of these conditions was within the power of the board of adjustment. The prosecutor contends that the conditions are either impossible for it to perform or are unreasonable, and, hence, void, and should be exscinded from the permit. These conditions are as follows:

"1. That the building specified in the application and any subsequent buildings to be erected on the plot to be occupied only by the National Harris Wire Company and be used solely as a wire factory.

"2. That the north, east and west facades of the proposed building to be of face brick with stone trimming, elevation drawings of same to be submitted to the board of adjustment for approval; the elevation drawings of any subsequent buildings on this plot to be submitted to the board of adjustment for approval.

"3. That large trees be planted along the north lot line of the plot, the number and type of trees to be approved by the board of adjustment.

"4. That the plot of ground within one hundred feet radius of the Belwood park station be retained in the B residence zone, in which no factory buildings will be erected."

It would seem upon first thought that the prosecutor was not entitled to the relief which it seeks and that it would have to take the permit with the conditions imposed. Upon further consideration, however, we have reached the conclusion that this court has the power to exscind such conditions from the order as we think unreasonable. *Dubelbeiss* v. *West Hoboken*, 82 *N. J. L.* 683.

The first of the above conditions is a restraint upon alienation. No one can foresee whether a business is going to be successful or not. If the business of the wire company was not successful it might be necessary that the property be sold. The condition imposed would affect its value. We think the condition unreasonable and that it should be exscinded.

The second condition is one imposed for æsthetic purposes. A board of adjustment, in our opinion, has no power to

impose such a condition. It is unreasonable and this provision should be exscinded.

This is likewise true of the third condition relative to the planting of large trees on the north line of the lot. We deem this condition unreasonable and it should be exscinded.

The fourth condition is a roundabout method of creating a park at the expense of the prosecutor. We deem this likewise unreasonable and this condition should be exscinded.

With those modifications the order of the board of adjustment is affirmed. No costs will be awarded to the prosecutor.