70 N.J. Super. 19 (1961)
174 A.2d 598
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
FARMLAND-FAIRLAWN DAIRIES, INC., FAIR LAWN DAIRIES, INC. AND FARMLAND DAIRIES, INC., DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 23, 1961.
Decided November 1, 1961.
*21 Before Judges CONFORD, FREUND and LABRECQUE.
Mr. Prospero DeBona argued the cause for defendants-appellants (Messrs. Milton, Augelli & Keane, attorneys; Mr. DeBona, of counsel; Mr. Thomas J. Brady, on the brief).
Mr. Morton Hirschklau argued the cause for plaintiff-respondent (Mr. Floyd V. Amoresano, attorney; Mr. Hirschklau, on the brief).
The opinion of the court was delivered by FREUND, J.A.D.
This is an appeal by the defendant dairy companies (Farmland-Fair Lawn Dairies, Inc., Fair Lawn Dairies, Inc. and Farmland Dairies, Inc.) from a judgment of the Bergen County Court convicting them of using ammonia in the manufacture of ice in violation of the zoning ordinance of the Borough of Fair Lawn, N.J. The complaint was heard on a trial de novo following conviction in the borough's municipal court. Defendants were acquitted in the County Court of the offense of storing materials and equipment on property of a neighbor in a residential zone in violation of the same ordinance.
Defendants operate a dairy on River Road in Fair Lawn, N.J., which processes, bottles, distributes and sells milk. All their buildings are located in an area zoned R-1-3, a residential zone, but qualify as a non-conforming use since the business was conducted and buildings located on the premises for a time prior to the enactment of the ordinance. On June 8, 1954 Fair Lawn Dairies, Inc., by resolution of the Borough Council, was granted a variance to replace and alter several buildings. One of them, designated Building C, was to be "a refrigeration building for refrigeration and storage of ice." But the resolution provided that "SO2 and *22 ammonia refrigeration" were not to be used therein. The resolution recited that the applicant had proposed and requested all the designated conditions and restrictions in the variance (there were several others).
After the former building had been demolished, the dairy erected Building C in accordance with the variance. Early in 1958 defendants commenced to manufacture ice in Building C by the use of ammonia. Defendants' witness, Raymond Ebner, a refrigeration engineer, testified that he designed the ammonia equipment for Building C and that it was capable of producing 50 tons of block ice every 24 hours. This operation continued until October 15, 1959. On January 23, 1960 the Borough Building Inspector, by complaint, charged that defendants, Fair Lawn Dairies, Inc. and Farmland-Fair Lawn Dairies, Inc., "by the use of ammonia in the refrigeration process of manufacturing ice," had "caused an extension of a non-conforming use" in violation of the zoning ordinance. The defendants' expert further testified that the most economical and practical system available for furnishing the dairy's ice requirements was by use of an ammonia operated plant.
Defendants assign as their first ground for reversal that the zoning ordinance can provide no basis for conviction since it does not expressly and explicitly prohibit or restrict the maintenance of an ammonia operated plant in an R-1-3 residential district. The ordinance lists the following permitted uses in an R-1-3 district:
"R-1, R-1-1, R-1-2 and R-1-3 DISTRICTS

SINGLE FAMILY RESIDENTIAL
Uses Permitted:
1. One family dwelling.
2. Church or similar place of worship, parish house, convent.
3. Publicly operated facilities for education and recreation.
4. Customary agricultural operations, provided, however, that no odor or dust productive substance or use shall be permitted within one hundred feet of any property line.
5. Home occupation as herein defined. There shall be no external evidence of such occupation except a small announcement or professional sign not exceeding one (1) square foot in area.
*23 6. A nursery school for pre school age children will be permitted, except in R-1 and R-1-1 districts."
Although the ordinance recites that certain uses are expressly prohibited in industrial districts, there are no expressly prohibited uses listed for residential areas.
It is clear that a zoning ordinance is to be strictly construed and that its limitations on the use of private property must be clearly and expressly imposed. Schack v. Trimble, 48 N.J. Super. 45, 53 (App. Div. 1957), affirmed 28 N.J. 40 (1958); Preye v. Board of Adjustment, North Bergen Tp., 22 N.J. Super. 161, 174 (App. Div. 1952), certification denied 11 N.J. 328 (1953). All doubts as to its applicability must be resolved in favor of the party charged with its violation. Township of Maplewood v. Tannenhaus, 64 N.J. Super. 80, 89 (App. Div. 1960). Even so, the clear implication and intendment of the ordinance is not to be denied. Mayor, etc., of Alpine Borough v. Brewster, 7 N.J. 42, 50-51 (1951). It is apparent that the draftsmen of these zoning regulations, by listing the permitted uses in a residential area, were seeking to regulate and restrict the construction and use of buildings within that district only to the uses specifically permitted. The statute empowers the borough so to act. N.J.S.A. 40:55-30 and 31. Bartlett v. Middletown Tp., 51 N.J. Super. 239, 258-259 (App. Div. 1958), certification denied 28 N.J. 37 (1958). Moreover, Section VI of the ordinance provides:
"1. No building or land shall hereafter be used or occupied and no building or part thereof shall be erected, moved, altered, or used unless in conformity with the regulations herein specified for the district in which it is located."
The foregoing section reflects an intent to delimit unauthorized construction, not to encourage it. The use of the words chosen by the legislative draftsmen to express their design is not to be strait-jacketed. The law may be strict in this area but it is not myopic. Defendants' suggested *24 construction of the ordinance would render futile Fair Lawn's attempts at restrictive zoning. If, by accepting defendants' argument, we allow the dairies to continue this extension of a nonconforming use with impunity, we would, by the same token, be saying that tanneries and automobile assembly plants may be erected anywhere in a Fair Lawn residential district. Obviously, this is not the purpose and intent of the ordinance.
The next argument urged by defendants is that the condition of the variance in denying the use of ammonia in refrigeration is unreasonable and arbitrary and, since it works a severe economic hardship on the dairies, ought not to be enforced. This argument, however, is without merit since any actual hardship or unreasonableness was invited, if not self-inflicted. Defendants applied for the variance and agreed to abide by its conditions. It has long been held that a municipality can tailor its grant of a variance by appropriate conditions and safeguards. Borough of North Plainfield v. Perone, 54 N.J. Super. 1, 8-9 (App. Div. 1959); Sun Oil Co. v. Bradley Beach, 136 N.J.L. 307 (Sup. Ct. 1947), affirmed 137 N.J.L. 658 (E. & A. 1948); Ostrowsky v. City of Newark, 102 N.J. Eq. 169 (Ch. 1928); Soho Park & Land Co. v. Board of Adjustment, Belleville, 6 N.J. Misc. 686, 142 A. 548 (Sup. Ct. 1928); 8 McQuillin, Municipal Corporations, (3rd rev. ed. 1957), § 25.271, p. 661. Cf. N.J.S.A. 40:55-30. Had the Zoning Board and the Mayor and Council anticipated that defendants would have constructed a refrigeration plant using "SO2 and ammonia," it would in all probability have denied defendants' application for a variance.
In imposing the condition, the Mayor and Council were undoubtedly aware of the particular characteristics of ammonia in relation to the health and general welfare of the public. 35 C.J.S. Explosives § 7, p. 273. The dairies sought and were accorded special treatment. We will not now permit them to enlarge the limits of that grant simply because they are dissatisfied with its provisions. They had *25 an adequate remedy by appeal from the action of the Board of Adjustment if they felt aggrieved.
The charge is also made that if the ordinance is interpreted to prohibit the attempted use, it is vague and uncertain, and accordingly invalid. Our examination of the ordinance leads us to the contrary conclusion.
Finally, defendants contend the complaint is duplicitous and indefinite. But their appeal to the County Court operated as a waiver of all defects in the record, including any defect in, or absence of any process or charge made in the complaint. State v. Osborn, 32 N.J. 117, 121 (1960); State v. Bigley Bros., 53 N.J. Super. 264, 269-70 (App. Div. 1958); R.R. 3:10-10(b). In any case, we see no unfairness in the prosecution from the standpoint of informing defendants of the specific charge against them and enabling them to defend themselves.
Affirmed.