91 N.J. Super. 190 (1966)
219 A.2d 628
MARTIN ALPERIN AND BARBARA ALPERIN, PLAINTIFFS,
v.
THE MAYOR AND TOWNSHIP COMMITTEE OF AND TOWNSHIP OF MIDDLETOWN, MONMOUTH COUNTY, NEW JERSEY, A MUNICIPALITY OF THE STATE OF NEW JERSEY, THE BOARD OF ADJUSTMENT OF THE TOWNSHIP OF MIDDLETOWN, MONMOUTH COUNTY, NEW JERSEY, RICHARD W. SEUFFERT, INDIVIDUALLY, AND NEWTON A. MALLETT, INDIVIDUALLY, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided May 5, 1966.
*192 Mr. Peter J. Edwardsen for plaintiffs.
Mr. Stanley Yacker for defendants (Mr. Vincent C. DeMaio, attorney).
HORN, J.S.C.
Plaintiffs brought their action to restrain defendants from enforcing one of two conditions imposed on them as conditions precedent to the granting of a variance to a zoning ordinance.
In May 1959 plaintiff Martin Alperin was a practicing physician. He and his wife Barbara acquired title to the land and the building thereon located on New Monmouth Road, a paved county highway, at its intersection with Oakwood Way, a township highway, in the Township of Middletown, Monmouth County (Township). In 1961 they resided in a portion of the premises and another part was used as medical *193 offices. As his practice grew, the doctor found the office facilities limited and therefore desired to build an addition thereto.
The property in question is situate in a zone designated R-22 Residential which does not permit the use of any part of a building as a doctor's office. By reason thereof he was restricted from increasing the area of the nonconforming use.
On or about February 1, 1964 Dr. Alperin applied to the defendant board of adjustment (board) for a variance to construct an addition to his office approximately 10 feet in width and 24 feet in length. On or about February 10, 1964 the township committee, following affirmative action by the board, authorized the variance on the conditions that plaintiffs double the size of their off-street parking facility and also that they deed to the township sufficient land for a 30-foot right of way from the center line of the road. This required plaintiffs to deed a strip of land 9.25 feet wide across the frontage of their lot. Plaintiffs were notified of the grant of the variance and the conditions imposed.
Before commencing construction plaintiffs determined that the doctor needed a larger addition, i.e., 12 feet by 24 feet. He therefore made a further application to the board, with a request that the variance be amended accordingly. On or about May 18, 1964 the board determined that this was a particular case in which special reasons existed and recommended to the municipal governing body that the variance be granted on the same conditions that the initial variance was granted. On May 26, 1964 the township committee, acting upon this recommendation, granted the new variance conditioned as aforesaid.
Plaintiffs were notified of the governing body's action and commenced to build without complying with the condition requiring the deed. Cf. Cohen v. Borough of Fair Lawn, 85 N.J. Super. 234, 239 (App. Div. 1964), on subject of good faith. On or about June 16, 1964 the construction was halted by the building inspector, who stated that plaintiffs were not to proceed further until the township was given the right of *194 way. This action was then filed to restrain the enforcement of the condition. An order of this court was made upon the consent of the parties on June 26, 1964 which provided that plaintiffs could complete the addition, but if the final judgment herein is adverse to them, then they would execute and deliver the deed.
Plaintiffs are willing to comply with the condition requiring the increase of the parking facility, so that same is not in issue.
At the trial it was stipulated that the second condition required only a right of way (easement), and that though plaintiffs' land was situate on a corner, the grant of the right of way was only with respect to New Monmouth Road.
Plaintiffs contend that the requirement that they give the deed is illegal, confiscatory and unconstitutional, in violation of N.J. Const. 1947, Art. IV, § VI, par. 3. They argue that there is no statute or other authority authorizing same; that the Legislature has authorized municipalities to acquire land for highway purposes only by gift, devise, purchase or condemnation (N.J.S.A. 40:60-2), and that the imposition of such condition is opposed to public policy.
At the hearing it was disclosed that a residential subdivision is being built approximately one-quarter of a mile away on New Monmouth Road and that the property in between is partially developed and suitable for further development. The highway in question was previously widened at the location of this development. An expert testified that a professional office inherently generates a larger volume of traffic than a one-family residence. He also stated that with the increased traffic generated by the afore-mentioned subdivision and the inherent generation of a larger volume of traffic by accommodating more patients, the widening of the highway would be beneficial for the passage of traffic. He also said that if the highway in front of plaintiffs' property were widened immediately, it would give patients and others en route by automobile to the professional offices of plaintiff Dr. Alperin an opportunity to slow down before turning into *195 the parking area, the speed limit being 40 miles per hour. New Monmouth Road has already been widened in part and it was expected and planned that ultimately most of the highway in this area would be widened. This expert also testified that for each additional patient visiting the doctor's office traffic in the area would be increased by two trips or passages on this highway.
He also observed that notwithstanding off-street parking facilities provided by plaintiffs, some patients and others customarily park their vehicles in the highway on New Monmouth Road. This situation would be aggravated by an increase in the number of patients visiting the doctor's office.
From the testimony adduced at the trial there were reasonable inferences that the contribution to increased vehicular traffic in front of plaintiffs' premises would be comparatively small by reason of the enlargement of plaintiff's professional offices. However, this contribution to increased vehicular traffic would warrant a widening of the highway sooner than otherwise.
This court may infer that such testimony was considered by the township committee and board along with all other factors in arriving at their determination to impose the conditions exacted of the plaintiffs.
At the time this action was brought plaintiffs could have sought a direct review of the resolution granting the variance in question through an in lieu proceeding, in which plaintiffs could go behind the resolution and challenge its reasonableness. However, plaintiffs did not desire to pursue such review but preferred to have the matter decided solely and strictly on the question of the legality of the condition in question.
Plaintiffs contend that on the basis of Soho Park and Land Company v. Board of Adjustment of Town of Belleville, 6 N.J. Misc. 686, 142 A. 548 (Sup Ct. 1928), this court has the power and authority, and should in this instance, exscind the condition imposed with respect to the grant of the right of way and at the same time permit the variance to stand.
*196 It is well settled that a board of adjustment and the governing body of a municipality have the inherent right to grant a variance with appropriate conditions and safeguards. Cohen v. Borough of Fair Lawn, supra, 85 N.J. Super., at p. 237; Yahnel v. Board of Adjust. of Jamesburg, 76 N.J. Super. 546, 552 (Law Div. 1962), affirmed 79 N.J. Super. 509 (App. Div. 1963), certification denied 41 N.J. 116 (1963); State v. Farmland-Fair Lawn Dairies, Inc., 70 N.J. Super. 19, 24 (App. Div. 1961), certification denied 38 N.J. 301 (1962); Borough of North Plainfield v. Perone, 54 N.J. Super. 1 (App. Div. 1959), certification denied 29 N.J. 507 (1959). Indeed, a board of adjustment or a municipality is required to lay down adequate protective conditions and safeguards where it appears proper to grant a variance and at the same time further one of the zoning objectives. Kramer v. Board of Adjust., Sea Girt, 45 N.J. 268 (1965); Black v. Town of Montclair, 34 N.J. 105, 115 (1961); Griggs v. Zoning Bd. of Adjustment of Borough of Princeton, 75 N.J. Super. 438, 447 (App. Div. 1962). One of the zoning objectives is to lessen congestion in the streets. N.J.S.A. 40:55-32.
The action of a municipal body in granting a variance has been termed a "discretionary weighing function." Yahnel v. Board of Adjust. of Jamesburg, supra, 79 N.J. Super., at p. 519. In Kramer v. Board of Adjust., Sea Girt, supra, 45 N.J., at p. 296, the court held that boards of adjustment and municipal governing bodies, because of their peculiar knowledge of local conditions, must be allowed wide latitude in the exercise of delegated discretion to grant zoning variances. And in Home Builders Ass'n of Northern New Jersey v. Paramus, 7 N.J. 335, 341 (1951), it was determined that a board of adjustment need not grant a variance at all, and certainly need not grant a variance in the precise form applied for. It has the discretion to grant such relief as it may deem proper under all the circumstances of the matter before it. See also, Tzeses v. Board of Trustees of Village of South Orange, 22 N.J. Super. 45, 55 (App. Div. 1952), certification denied 11 N.J. 327 (1953).
*197 Our courts have generally refused to void a condition and at the same time allow a variance to stand. Thus, in Borough of North Plainfield v. Perone, supra, it was stated:
"* * * If, then, the defendant's argument that the conditions were unreasonable in 1946 or in 1957 were to have prevailed, he would have won but a Pyrrhic victory; for if the conditions are to be declared unlawful, the exception upon which they were engrafted must also be set aside." 54 N.J. Super., at p. 11.
In State v. Farmland-Fair Lawn Dairies, Inc., supra, the court stated:
"Had the Zoning Board and the Mayor and Council anticipated that defendants would have constructed a refrigeration plant using `SO[2] and ammonia,' it would in all probability have denied defendants' application for a variance." 70 N.J. Super., at p. 24.
Municipal bodies are entrusted by the Legislature with the particular obligations of not only creating zoning for their respective municipalities, but also of granting variances within the scope or the purposes laid down by the Legislature. The functions of these bodies are not to be usurped by courts. Where the conditions imposed bear some reasonable relationship to one or more of the statutory purposes laid down as guidelines for the performance of the functions by said bodies, the courts should not disturb such municipal actions. Moreover the decision of a local board of adjustment is presumptively correct and should not be set aside unless shown to be arbitrary, capricious or patently unreasonable. Griggs v. Zoning Bd. of Adjustment of Borough of Princeton, 75 N.J. Super. 438, 443 (App. Div. 1962). The local board may also bring to bear in its deliberations the general information and experience of its individual members, Id., at p. 446.
This matter is before this court on a record which commences with the determination of the governing body, and consequently nothing was offered to demonstrate the factual or other basis for the determination made by the *198 board of adjustment and the governing body. Testimony was adduced before the court which could have been and presumptively was a basis of that determination. However, on review of a decision of a board of adjustment the issue must be determined as correct, or not on the record before it and not on testimony before the reviewing court. Kramer, supra. In the case at bar plaintiffs deliberately based their action on the illegality of the condition and did not seek a review of the record before the board.
There is sufficient evidence in the record at bar to demonstrate that the imposition of the condition complained of was neither arbitrary nor capricious nor patently unreasonable. It was obviously founded upon a reasonable apprehension that the result of the allowance of the variance, coupled with the progressive increase in traffic conditions in the area, would sooner require the widening of the highway to relieve traffic congestion and to make it safer for travelers.
N.J.S.A. 40:60-2 provides that a municipality may acquire real estate by gift, devise, purchase or condemnation. The requirement of the township committee that plaintiffs deed the right of way does not offend the provisions of the statute. It may be construed as a gift because the plaintiffs are under no obligation to make the grant unless they desire to accept the benefit of the resolution granting the variance. They can decline the said benefit and decline the burden as well. By way of illustration if not precedent, it was stated in Cunningham and Tischler, "Dedication of Land in New Jersey," 15 Rutgers L. Rev. 377, 392 (1961), with reference to subdivisions:
"It seems clear that the legislature intended to authorize municipal governing bodies to require the dedication to public use of all streets in which such improvements are installed, although the Planning Act does not expressly confer such authority. Indeed, the implied offer of street dedication which results from filing a subdivision plat after approval by the municipal planning board or governing body would seem to include all the improvements which the municipal subdivision ordinance requires the developer to install."
*199 Plaintiffs strongly rely on Midtown Properties, Inc. v. Madison Tp., 68 N.J. Super. 197 (Law Div. 1961), affirmed 78 N.J. Super. 471 (App. Div. 1963), which held that a municipality has no legal right to impose as a condition precedent to approval of a proposed subdivision that a developer pay money for the construction of schools, based proportionally upon the number of houses to be built by him. The cost of public education, as stated by Judge Halpern in Midtown, must be borne by the public and the funds to be used for such purpose must be raised by public taxation. However, N.J.S.A. 40:56-1(b) expressly authorizes a municipality to undertake street widening, the cost of which is to be assessed upon the lands benefited thereby. Section 7 of that statute provides that the municipality may "purchase, condemn or otherwise acquire" the necessary land.
It would appear, therefore, there is a distinction between a condition which requires a builder to pay a sum of money into the public treasury for an approval of a subdivision plan and a condition requiring a landowner who seeks special consideration to give a right of way which will alleviate one of the consequences of the action of the governing body whose discretionary power is affirmatively sought.
Plaintiffs' contention that the condition in question is unconstitutional and confiscatory is based on the holding in Grosso v. Board of Adjustment of Millburn Township, 137 N.J.L. 630 (Sup. Ct. 1948). In that case the prosecutor of a writ of certiorari had applied for a variance from the terms of zoning regulations to permit an automobile showroom and service garage in a residence zone. It was shown that the denial of the variance was based on the fact that the official map of the municipality had been amended to have a highway bed run through the property in question. The court held that such action of the board was unconstitutional in that it constituted a deprivation of property without due process of law.
Here plaintiffs had a choice which the prosecutors in the Grosso case did not have.
*200 This condition is in reality no different than other conditions reasonably imposed by municipal bodies in variance cases. Validity should not be determined by the criterion of whether it imposes a pecuniary cost to the landowner by the grant of an easement in land or by compelling him to manufacture a product in a manner which is more costly. State v. Farmland-Fair Lawn Dairies, Inc., supra. The distinction within the limitations already noted is the fact that the landowner seeking the variance has it peculiarly in his power, separate and apart from that of the general public, to neutralize the adverse effect of the variance and thus further one or more of the zoning objects.
In the case of Ayres v. City Council of City of Los Angeles, 34 Cal.2d 31, 207 P.2d 1, 11 A.L.R.2d 503 (1949), the court upheld the imposition of conditions on a developer attached to municipal approval of a subdivision. The court in that opinion stated:
"A sufficient answer is that the proceeding here involved is not one in eminent domain nor is the city seeking to exercise that power. It is the petitioner who is seeking to acquire the advantages of lot subdivision and upon him rests the duty of compliance with reasonable conditions for design, dedication, improvement and restrictive use of the land so as to conform to the safety and general welfare of the lot owners in the subdivision and of the public." 207 P.2d, at p. 7, 11 A.L.R.2d, at p. 513.
In Bringle v. Board of Supervisors of County of Orange, 54 Cal.2d 86, 4 Cal. Rptr. 493, 351 P.2d 765 (1960), substantially the same situation existed as in the instant case. There plaintiff owned four acres of land fronting on Bolsa Avenue, which was zoned for agricultural purposes. He was granted a five-year variance in 1952, which permitted him to use the property in connection with his excavating business and to maintain a storage yard. Upon the expiration of the variance he applied for another one for the same use. This was granted for an additional term of five years upon condition that he dedicate to the county without compensation an easement 30 feet wide and 132 feet long for a right of way *201 for the widening of that avenue. He thereupon brought a proceeding to have the condition declared invalid and to compel the issuance of a variance without it. The judgment of the trial court holding the condition valid was affirmed by a divided court. It was stated in the majority opinion as follows:
"Strict adherence to the general scheme of a zoning ordinance may result in undue hardship with respect to certain parcels of land, and in order to insure the validity of the ordinance without substantially impairing its general purpose and intent, provision is ordinarily made for the granting of variances and the imposition of conditions. See Metcalf v. County of Los Angeles, 24 Cal.2d 267, 270-271, 148 P.2d 645; Rubin v. Board of Directors, 16 Cal.2d 119, 124, 104 P.2d 1041. Where such provisions exist, they are an integral part of the ordinance, and its validity as applied to a particular parcel of land depends not only upon the zoning classification of the property but also upon the action taken with respect to a request for a variance. Where the variance is granted upon reasonable conditions, the landowner can no longer claim that the ordinance is invalid as applied to his property. If this were not so, he could evade compliance with the conditions of the variance and thus circumvent the power to impose reasonable conditions in the public interest." 4 Cal. Rptr., at p. 496, 351 P.2d, at p. 768.
Since the court finds that the condition imposed is reasonable and bears a reasonable relationship to the consequences of the grant of the variance, it does not constitute confiscation or a violation of the plaintiffs' constitutional rights and is not illegal.
Appropriate judgment will be entered without costs, which shall be prepared by counsel for defendants and shall be approved as to form by counsel for plaintiffs before submission to the court.