234 N.J. Super. 1 (1989)
559 A.2d 1380
FRANK ORLOSKI AND THELMA ORLOSKI, PLAINTIFFS-APPELLANTS,
v.
PLANNING BOARD OF THE BOROUGH OF SHIP BOTTOM, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 15, 1989.
Decided May 30, 1989.
Before Judges SHEBELL, GRUCCIO and LANDAU.
Thomas C. McCoy argued the cause for appellants (Woodland & McCoy, attorneys; Thomas C. McCoy, on the brief).
Granville D. Magee argued the cause for respondent (Magee and Graham, attorneys; Granville D. Magee, of counsel and on the brief).
PER CURIAM.
We affirm substantially for the reasons ably expressed by Judge Serpentelli in his written opinion reported at 226 N.J. Super. 666 (Law Div. 1988), as stated on pages 668 to 676.
We specifically decline to join in the balance of his opinion to the extent that Judge Serpentelli would not set aside a condition, even if found unreasonable or invalid, unless the variance *2 itself could be set aside. His reliance on our holding in North Plainfield v. Perone, 54 N.J. Super. 1 (App.Div.), certif. den. 29 N.J. 507 (1959) is misplaced. The conditions under review in North Plainfield were not only reasonable but were also necessary to the variance granted. Id. at 10-11. Our holding in DeFelice v. Zoning Bd. of Adj., 216 N.J. Super. 377 (App.Div. 1987) is applicable to those situations where the conditions imposed prove invalid, and the original variance has otherwise properly been granted. See also the related cases of State v. Farmland-Fair Lawn Dairies, Inc., 70 N.J. Super. 19 (App.Div. 1961), certif. den. 38 N.J. 301 (1962), and Cohen v. Fair Lawn, 85 N.J. Super. 234, 237-39 (App.Div. 1964), concerning the ability of the municipal board to remove a condition previously imposed. We are satisfied that an unreasonable condition, under proper circumstances, may be stricken or removed even if the variance benefit has been accepted. Judge Serpentelli's position on this issue is, however, without consequence in this case. Further, his conclusion that "the variance application would not have been approved in 1983 but for the assumption by that Board that the condition was valid" is not disputed. 226 N.J. Super. at 679.
Affirmed.