254 N.J. Super. 401 (1991)
603 A.2d 954
MARK BERNINGER AND CAROL BERNINGER, HIS WIFE, PLAINTIFFS-RESPONDENTS,
v.
BOARD OF ADJUSTMENT OF MIDLAND PARK, MAYOR AND COUNCIL OF MIDLAND PARK, AND JOHANNA VOGEL, DEFENDANTS, AND ELIAS NOURY AND MARIE NOURY, HIS WIFE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued December 13, 1990.
Decided February 27, 1991.
*402 Before Judges GAULKIN, SHEBELL and SKILLMAN.
John C. McGlade argued the cause for appellants (Lessack & McGlade, attorneys, John C. McGlade, on the brief).
William T. Smith argued the cause for respondents (Hook, Torack & Smith, attorneys, William T. Smith, on the letter brief).
PER CURIAM.
Defendants, Elias Noury and Marie Noury, appeal from a judgment which invalidates an exception or variance granted in 1939 to a predecessor-in-title to use the property as a two-family house. The grant was with the express condition that the premises would revert back to a single-family house when the applicants sold the property.
This litigation arose after the Nourys contracted to purchase the house from Johanna Vogel. Mark Berninger and Carol Berninger, nearby neighbors, protested to the zoning officer *403 that the premises must only be used as a single-family house. The zoning officer issued his written opinion that use of the property must be so limited. On March 18, 1988, Vogel filed an application with the Midland Park Board of Adjustment (Board of Adjustment) for an interpretation of the status of the house, thereby appealing from the decision of the zoning officer. Following a hearing, the Board of Adjustment reversed the zoning officer's decision on the basis that the Board lacked jurisdiction to question the merits of the 1939 variance or exception grant.
The Berningers, on August 19, 1988, filed a complaint in lieu of prerogative writs in the Law Division. Vogel and the Nourys filed a joint answer. The Board of Adjustment and the municipality notified the Law Division that they did not intend to participate in the litigation. The Law Division judge, following oral argument, held in a written opinion that while the condition was illegal, so was the exception granted to the predecessor-in-title since there was no proof in the record that the governing body acted properly in 1939. The judge, therefore, reversed the decision of the Board of Adjustment; he held that the 1939 grant was void and subject to attack at anytime. We reverse.
The property in question presently consists of a two-family dwelling located at 148 Vreeland Avenue, Midland Park. The neighborhood is zoned for single-family dwellings. The Berningers reside next door to the subject premises. The property has been utilized as a two-family dwelling since 1939 when the owner of the property, Minerd DeJong, obtained from the governing body an exception to convert the property from a single-family residence to a two-family residence. The record of the "exception" consists only of the minutes of a single meeting of the governing body.
According to the 1939 minutes, "the Board of Adjustment recommended that an exception be granted to Minerd DeJong, to allow his premises at 148 Vreeland Avenue to be used as a two-family dwelling." The mayor remarked that he had seen *404 several applications granted to convert single-family houses to two-family houses and felt that "unless something was done, there would no longer be a one-family residence zone and the zoning ordinance would be worthless." He suggested that any further approvals should be subject to the condition that "should the premises in question be sold, then the property would revert back to its original one-family status." The governing body adopted a resolution stating:
That the recommendation of the Board of Adjustment be and is hereby ordered approved, with the provisions that if the said MINERD DE JONG should sell the above-mentioned premises, then the said premises shall revert back to its original use, and shall be used only as a one-family dwelling.
No evidence was presented concerning the proofs submitted in 1939 to the Board of Adjustment or the reasons for the Board's recommendation that the "exception" be granted. A long-time resident of Vreeland Avenue testified before the present Board of Adjustment that he believed the exception was granted because, at the time, Minerd DeJong was in poor health.
Tenants have continuously occupied the second floor of the premises since June 1939. The present tenancy began in June 1950. Minerd DeJong died in 1948, still owning the property. His widow survived until 1956. Between 1956 and 1960 the first-floor premises were also occupied by tenants, apparently under the ownership of Mrs. DeJong's estate.
Peter and Johanna Vogel purchased the premises in September 1960. In March 1961, two neighbors addressed a letter to the mayor and governing body stating that to the best of their knowledge, "this dwelling was granted a two-family status a number of years ago only for the lifetime of the person then owning it" and, since the owner had passed away, the zoning ordinance should be enforced. The matter came up at a borough council meeting on May 11, 1961, at which time the borough attorney stated that "the matter was being studied." No legal proceedings appear to have been undertaken prior to the present litigation. Peter Vogel died in 1982. His widow, Johanna, moved in 1987, as she could no longer maintain the premises.
*405 The principal issue in this case is whether the Law Division judge erred in vacating the variance or exception granted fifty years earlier, on the theory that there was no initial justification for the grant. It is not disputed that the condition attached to the variance is invalid. Plaintiffs, however, argue that setting aside the condition requires setting aside the variance or exception itself.
A condition attached to a variance or exception must be reasonably calculated to achieve some legitimate land use purpose. DeFelice v. Zoning Bd. of Adjustment, 216 N.J. Super. 377, 381, 523 A.2d 1086 (App.Div. 1987); Soho Park & Land Co. v. Belleville, 6 N.J. Misc. 683, 685, 142 A. 547 (Sup.Ct. 1928); 3 Rathkopf, The Law of Zoning and Planning, § 40.02 at 40-4 (4 ed. 1987). Therefore, a condition which limits the life of a variance to ownership by a particular individual is patently illegal, as it advances no legitimate land use purpose. DeFelice, 216 N.J. Super. at 381-83, 523 A.2d 1086.
In DeFelice we excised the unlawful condition without setting aside the underlying variance. Id. at 383, 523 A.2d 1086. In Orloski v. Planning Bd. of Borough of Ship Bottom, 234 N.J. Super. 1, 559 A.2d 1380 (App.Div. 1989), we again stated that "an unreasonable condition, under proper circumstances, may be stricken or removed even if the variance benefit has been accepted." Id. at 2, 559 A.2d 1380. The statement to the contrary in North Plainfield v. Perone, 54 N.J. Super. 1, 10-11, 148 A.2d 50 (App.Div.), certif. denied, 29 N.J. 507, 150 A.2d 292 (1959), must be limited to the situation existing there, namely that without the condition the variance would alter the character of the neighborhood or do violence to the zoning plan.
Plaintiffs rely on the case of V.F. Zahodiakin Eng'g Corp. v. Board of Adjustment, Summit, 8 N.J. 386, 86 A.2d 127 (1952), as authority for their position that the variance or exception is void and must be set aside. In Zahodiakin, the plaintiff received a variance in 1942 to operate a war-related laboratory *406 and manufacturing facility in a residential zone, upon the condition that the variance would terminate upon the discontinuance of the operation or the sale of the premises. Id. at 390-91, 86 A.2d 127. The plaintiff had an opportunity to sell the premises and asked that the condition be excised. Id. at 392, 86 A.2d 127. When the Board refused, plaintiff filed a complaint seeking nullification of the condition on the ground that it was an illegal restraint on alienation. Id. The Board of Adjustment and the City counterclaimed for an order terminating the variance. The Supreme Court held that the variance was illegal because the board and governing body never even purported to apply the statutory criteria for a variance. Id. at 395, 86 A.2d 127. The Court emphasized that:
Here, the action taken was not a mere irregular exercise of the quasi-judicial function residing in the local authority. The proceeding was wholly beyond the statute. It was not designed to advance the statutory policy, but to effectuate a contractual undertaking for private benefit in disregard of it. It constituted an arrogation of authority in defiance of the statute and the ordinance. Special hardship from unique circumstances within the principle of the statute and the ordinance was concededly not a point of inquiry. Considerations dehors the statute controlled. There was no pretense of the exercise of the statutory function. Whim and caprice rather than the reason and spirit of the statute determined the course taken. There was a deliberate breach of jurisdiction. [Id.].
In the present case, the record does not disclose what proofs were presented to the Board of Adjustment. DeJong may have submitted proofs to the Board which justified the variance or exception under then existing law. The record does not disclose the ordinance in effect in 1939. At that time, state law differentiated between variances and special exceptions. L. 1928, c. 274, § 9. Each was designed to achieve different purposes and required different proofs. See Tullo v. Millburn Tp., 54 N.J. Super. 483, 490-91, 149 A.2d 620 (App.Div. 1959). The record is not clear whether the 1939 ordinance treated two-family homes as special exceptions; therefore, we are unable to determine whether the relief granted was by way of special exception or variance. This case is different than Zahodiakin; there the Court was compelled by the record to conclude that the underlying proceedings were so irregular as to be void.
*407 The "law presumes that boards of adjustment and municipal governing bodies will act fairly and with proper motives and for valid reasons." Kramer v. Board of Adjustment, Sea Girt, 45 N.J. 268, 296, 212 A.2d 153 (1965). Other than the minutes of the governing body, we have only a neighbor's testimony that he overheard a conversation in which Mrs. DeJong stated that she and her husband wanted relief because of Mr. DeJong's poor health. Even assuming that his recollection of this fifty-year old conversation was accurate, the proofs are insufficient to permit a determination that no other reason supported the grant of the exception, or that the then-existing ordinance was not satisfied by the evidence presented.
Our dissenting colleague would shift to the present property owners the burden of establishing present entitlement to a variance. However, the issue here is not whether the present property owners are able to prove entitlement to a variance under present law. The test is whether the original grant of an exception or variance was patently illegal because the board and governing body did not apply the required criteria for relief from the zoning ordinance. Zahodiakin, 8 N.J. at 395, 86 A.2d 127. We believe that it is a natural corollary to the presumption of validity of governmental action that in these circumstances the objector must carry the burden of demonstrating that the underlying grant was unsustainable. This is especially so here as no objecting party had sought judicial intervention for nearly fifty years.
We conclude that the admittedly invalid condition attached to the two-family use, granted in 1939, must be excised. We are satisfied that the consequences of permitting the two-family use to continue without the excised limitation do not require its invalidation. There is no evidence that the use, if continued without the individual limitation, would alter the character of the neighborhood or do violence to the zoning plan. Fifty years of continuous two-family occupancy supports this conclusion.
The judgment of the Law Division is reversed, and the determination of the Board of Adjustment is reinstated.
*408 GAULKIN, P.J.A.D., concurring in part and dissenting in part.
I agree that "an unreasonable condition, under proper circumstances, may be stricken or removed even if the variance benefit has been accepted." Orloski v. Plan. Bd. of Bor. of Ship Bottom, 234 N.J. Super. 1, 2, 559 A.2d 1380 (App.Div. 1989). But my colleagues here sustain the variance (or exception), shorn of its concededly invalid condition, because "the proofs are insufficient to permit a determination that no other reason supported the grant of the exception" and because "[t]here is no evidence that the use, if continued without the individual limitation, would alter the character of the neighborhood or do violence to the zoning plan." The burden has thus been put on the objecting parties to show that the underlying variance or exception was unsustainable. In my view, the landowner should be required to affirmatively show that the variance, sans the unlawful condition, was justifiable.
In only three reported New Jersey cases have our courts excised unlawful conditions and determined the viability of the underlying variance. The earliest, Soho Park & Land Co. v. Bd. of Adj., Belleville, 6 N.J. Misc. 683, 142 A. 547 (Sup.Ct. 1928), is of no guidance: the court simply said that "we have reached the conclusion that this court has the power to exscind such conditions from the order as we think unreasonable." Id. at 687, 142 A. 547. In V.F. Zahodiakin, & c., Corp. v. Bd. of Adj., Summit, 8 N.J. 386, 86 A.2d 127 (1952), the Supreme Court invalidated the underlying zoning exception upon a finding that the board of adjustment proceeding "did not constitute a judicial inquiry and adjudication within the frame of the statute." Id. at 395, 86 A.2d 127. And in De Felice v. Zoning Bd. of Adj., 216 N.J. Super. 377, 523 A.2d 1086 (App.Div. 1987), we held that a variance "personal to the property owner" was invalid but that the variance "will stand" because it was "otherwise without infirmity." Id. at 383, 523 A.2d 1086. That *409 holding was based upon an affirmative finding that "the variance was granted for a proper reason, namely, to replace a house which existed for many years that was completely destroyed by fire"; the board of adjustment accordingly "was unquestionably empowered to allow the rebuilding of the property under zoning law." Id. at 381-382, 523 A.2d 1086.
Most of the other New Jersey cases noting the issue have upheld the challenged conditions and thus have not been required to determine whether the variances could survive their removal. See Orloski v. Plan. Bd., supra; State v. Farmland-Fair Lawn Dairies, Inc., 70 N.J. Super. 19, 174 A.2d 598 (App.Div. 1961), certif. denied, 38 N.J. 301, 184 A.2d 417 (1962); North Plainfield v. Perone, 54 N.J. Super. 1, 148 A.2d 50 (App.Div. 1959), certif. denied, 29 N.J. 507, 150 A.2d 292 (1959); Alperin v. Mayor and Tp. Com. of Middletown Tp., 91 N.J. Super. 190, 219 A.2d 628 (Ch.Div. 1966). But until De Felice the cases expressed the view that "if the conditions are to be declared unlawful, the exception upon which they were engrafted must also be set aside." North Plainfield v. Perone, supra, 54 N.J. Super. at 11, 148 A.2d 50. Various rationales were stated in support of that rule. First, "the conditions ... were inseparable from the right of enjoyment of the exception." Ibid. Second, the landowner should have appealed if he was dissatisfied by the conditional grant of relief. State v. Farmland-Fair Lawn Dairies, Inc., supra, 70 N.J. Super. at 24-25, 174 A.2d 598. Third, the landowner should be equitably estopped "because [he] accepted the benefits of a variance with a condition which was an indispensable ingredient of the approval and which was treated by all parties at that time as being a valid limitation." Orloski v. Bor. of Ship Bottom, 226 N.J. Super. 666, 679, 545 A.2d 261 (Law Div. 1988), aff'd on other grounds, 234 N.J. Super. 1, 559 A.2d 1380 (1989). Fourth, there can be "little doubt that the variance application would not have been approved ... but for the assumption by that Board [of Adjustment] that the condition was valid." Ibid. See also Houdaille Con. Mats. Inc. v. Bd. of Adj. Tewksbury Tp., 92 *410 N.J. Super. 293, 223 A.2d 210 (App.Div. 1966), where we invalidated conditions attached to the grant of a special use permit and remanded to the board of adjustment "so that it may redetermine whether the application should be granted free from the invalidated conditions." Id. at 304, 223 A.2d 210.
Those considerations remain relevant and weighty even though De Felice and Orloski have rejected the view that variances must be set aside if attached conditions are declared unlawful. In determining whether there are "proper circumstances" (Orloski, supra, 234 N.J. Super. at 2, 559 A.2d 1380) to sustain a variance following excision of an unlawful condition, we still must recognize that the board of adjustment intended the condition to be inseparable from the variance, that the board would not have granted relief were it not so conditioned and that the landowner understood and accepted the limited relief. In the absence of any contrary showing, those considerations powerfully suggest that the variance should not survive the excision of the attached condition.
What then, are the "proper circumstances" which would indicate that a variance ought to survive? De Felice, the only case to find such circumstances, did so upon an affirmative finding that the underlying variance, without the offending condition, was soundly based in fact and law. In my view, without such a finding there simply is no rational basis to conclude that the variance remains viable once the condition on which it was granted is invalidated.
My colleagues here make no such affirmative finding. They rely solely on the lack of a showing that the variance, shorn of the condition, would have been unlawful. But variances should not be sustained if they are unsupported by a proper showing. See generally Medici v. BPR Co., 107 N.J. 1, 526 A.2d 109 (1987). And no sustenance can be drawn here from the principle invoked by the majority that boards of adjustment are presumed to "act fairly and with proper motives and for valid reasons." Kramer v. Bd. of Adj., Sea Girt, 45 N.J. 268, 296, 212 A.2d 153 (1965). That presumption is indulged only if there *411 is "substantial evidence" to support the grant of a variance (ibid.); moreover, this case arises because the board of adjustment in fact unlawfully granted a conditional variance.
If indeed there was a sound basis for permitting the two-family use, the present owners should have the burden of so showing. Since the circumstances surrounding the 1939 grant of relief cannot be reconstructed, the most appropriate course would be for the present owners to apply to the board of adjustment to remove the unlawful condition (see Sherman v. Zoning Bd. of Adj., 242 N.J. Super. 421, 577 A.2d 170 (App.Div. 1990); Cohen v. Fair Lawn, 85 N.J. Super. 234, 204 A.2d 375 (App.Div. 1964)) or, alternatively, to grant a new variance.
I would therefore reverse the Law Division judgment declaring the exception to be "void" but I would remand the matter for further proceedings before the board of adjustment.