132 N.J. Super. 158 (1975)
333 A.2d 25
EDWARD SUSKI, JR., PLAINTIFF-APPELLANT,
v.
MAYOR AND COMMISSIONERS OF THE BOROUGH OF BEACH HAVEN, ROBERT SHOMO, BUILDING INSPECTOR OF BEACH HAVEN, ROBERT D. SPIEGLE AND DORIS LORRAINE SPIEGLE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 20, 1975.
Decided January 30, 1975.
*159 Before Judges LEONARD, SEIDMAN and BISCHOFF.
Mr. Edward Suski, Jr., argued the cause for appellant (Messrs. Wilinski, Suski, Kille & Scott, attorneys).
Mr. Franklin Berry, Jr., argued the cause for respondents Mayor and Commissioners of the Borough of Beach Haven and Robert Shomo, Building Inspector (Messrs. Berry, Summerill, Rinck & Berry, attorneys).
Mr. Robert E. Dietz argued the cause for respondents Robert D. Spiegle and Doris Lorraine Spiegle (Messrs. Dietz, Allen, Radcliffe & Sweeney, attorneys).
*160 PER CURIAM.
Plaintiff filed this prerogative writ action against defendants Mayor and Commissioners of the Borough of Beach Haven (borough), Beach Haven Building Inspector Robert Shomo and Robert D. Spiegle and Doris Lorraine Spiegle (Spiegles) to (1) restrain construction by the Spiegles of a dwelling in violation of the Borough's "dune ordinance"; (2) invalidate a building permit issued for said dwelling; (3) declare void and ultra vires an agreement between the borough and the Spiegles which led to the issuance of the permit, and (4) compel the borough to institute condemnation proceedings. At the conclusion of trial judgment was entered in favor of defendants, and plaintiff appeals.
The current litigation is an outgrowth of two previous actions instituted by the Spiegles against the borough, both reported. Spiegle v. Beach Haven, 46 N.J. 479 (1966) cert. den. 385 U.S. 831, 87 S.Ct. 63, 17 L.Ed.2d 64 (1966) and Spiegle v. Beach Haven, 116 N.J. Super. 148 (App. Div. 1971). A review of the opinions in those cases is essential to a proper understanding of the issues involved here.
Plaintiff is the owner of a tract of land in Beach Haven described as Block 42, Lots 10, 11 and half of Lot 12. The Spiegles own the other half of Lot 12, as well as Lots 13 and 14 of the same Block. Both are oceanfront tracts 100' x 100' in area. Plaintiff's tract contains a dwelling. The Spiegles' tract is undeveloped.
After a severe storm in March 1962 the borough enacted ordinances regulating construction on the oceanfront and establishing a building line beyond which no structures other than fencing, boardwalks, steps, pavilions, small platforms and bulkheads could be erected. The purpose of the ordinance, titled "Borough of Beach Haven Beach Protection Ordinance" and commonly known as the "dune ordinance," was to protect the dunes from erosion which, in turn, would protect the borough from high tides and flooding. The building line thus created by the ordinance runs through the land of both plaintiff and Spiegles. The Spiegles instituted an action *161 against the borough to have this and another similar ordinance set aside as unconstitutional, contending that the ordinance, as applied to them, constituted a taking of their property for public purposes without just compensation.
The Supreme Court in that first action upheld the constitutionality of the ordinance. However, since the Spiegles had not adduced proof of any economic use to which the property could be put, the court in ruling against them did so "without prejudice, however, to any further proceedings based upon a claim and showing of an actual taking of a beneficial use." 46 N.J. at 494. The Spiegles then instituted another action against the borough, claiming the dune ordinance deprived them of the beneficial use of their property without just compensation. We reversed a judgment adverse to the Spiegles with respect to the tracts of land here involved. We held, in the exercise of our original jurisdiction, that the Spiegles had a sincere intention to use the property for the erection of a one-family residence on their land; that this land straddled the dune area; that the land was suitable for building a residence, and that the dune ordinance, insofar as it prohibited construction east of the building line, represented a taking of property for which the Spiegles should be compensated. Defendant borough was "ordered to institute eminent domain proceedings against [the Spiegles] as to Lots 13 and 14 and one-half of Lot 12, Block 42, on the tax map." 116 N.J. Super. at 170. This order is dated August 11, 1971.
There is nothing in the record to indicate that condemnation proceedings were actually instituted. However, it is clear that the borough entered into negotiations with the Spiegles which culminated in an agreement dated "the 36th [sic] day of June 1973," by the relevant terms of which:
(1) The Spiegles agreed to lease to the borough certain beachfront property owned by them for $1 a year for 19 years;
(2) the parties agreed to apply to the Appellate Division for modification of the judgment requiring condemnation;
*162 (3) the borough agreed to issue a building permit for construction of a structure on the Spiegles' property, and
(4) the borough agreed to discontinue condemnation proceedings "presently outstanding."[1]
On August 10, 1973 a consent "order modifying judgment", bearing both Appellate Division and Law Division docket numbers, was entered by a Law Division judge. This order recited that the "Appellate Division of the Superior Court did not retain continuing jurisdiction"; that an agreement had been entered into between the Spiegles and the borough, and that paragraph 3[2] of said agreement alters the "judgment of the Appellate Division of the Superior Court." It was "ordered that the judgment and order of the Appellate Division of the Superior Court be and hereby is modified to the extent set forth in paragraph 3 of the attached agreement * * *." A building permit was thereafter issued to the Spiegles for construction of a residence on the tract in question. This led to the filing of the instant action by plaintiff herein.
*163 At the conclusion of the trial of the prerogative writ action the judge, in a letter opinion, held:
(1) the opinion of this court reported at 116 N.J. Super. 148 meant that the borough could either permit construction on the lot or condemn;
(2) the parties, by entering into the consent order of August 10, 1973, clarified "their understanding of the Court's edict";
(3) the construction of a home on the Spiegles' tract did not in any way affect plaintiff's beneficial or economic interests, and
(4) to require the municipality to condemn "in all such instances can and will cast upon certain municipalities certain financial burdens which they will find troublesome to bear."
Judgment for defendants followed, as did this appeal.
The parties concede that the pertinent factual situation has not changed since that which existed at the time of the institution of the proceedings reported in 46 N.J. 479. Nor has the dune ordinance been amended, supplemented or repealed in any manner pertinent hereto since that time.
The trial judge misconceived the holding of our former opinion.
We did not give the borough the option of either condemning or of issuing a permit to build. Nor did the parties to those proceedings believe they had any such option, for their agreement provides for an application to be made to this court for modification.
The effect of the agreement is to attempt to alter or amend the borough's dune ordinance, permitting construction east of the building line where the ordinance prohibits such construction. The ordinance contains an exclusive list of exceptions to the prohibition against building east of the building line, and there is no provision for the borough to create additional exceptions by agreement with individual landowners.
*164 An ordinance cannot be amended, repealed or suspended by any act of a governing body of less dignity than that which created the ordinance in the first place. V.F. Zahodiakin, etc. v. Summit Zoning Bd. of Adj., 8 N.J. 386 (1952); 6 McQuillin, Municipal Corporations (3 ed. 1969), § 21.04 at 199.
The agreement between the Spiegles and the borough on its face is illegal, void and ultra vires. It is an attempt to do by agreement what can only be done by following the appropriate statutory procedure. Midtown Properties, Inc. v. Madison Tp., 68 N.J. Super. 197 (Law Div. 1961), aff'd o.b. 78 N.J. Super. 471 (App. Div. 1963). The fact that the parties entered into a consent judgment which purported to approve the agreement does not make it a valid agreement. Edelstein v. Asbury Park, 51 N.J. Super. 368, 369 (App. Div. 1958). "If the contract is illegal and void, having it incorporated in a consent judgment will not breathe legal life into it." Midtown Properties, Inc. v. Madison Tp., 68 N.J. Super. supra at 206.
If the borough has concluded that the dune ordinance unnecessarily prohibits building on the Spiegle tract, the appropriate remedy is to amend the ordinance. The borough cannot, by private agreement, circumvent the provisions of a valid ordinance.
The agreement herein being illegal and ultra vires, it follows that plaintiff was entitled to a judgment (1) restraining construction by the Spiegles of a building in violation of the dune ordinance; (2) invalidating the building permit issued therefor, and (3) declaring the agreement between the borough and the Spiegles void and ultra vires.
The judgment entered below is accordingly reversed and the matter is remanded for the entry of a judgment consistent herewith.
NOTES
[1] Minutes of the meeting of the board of commissioners, held August 14, 1972, disclose that the board authorized the institution of condemnation proceedings to acquire the Spiegles' property. At the July 1973 meeting the board resolved to ratify and confirm the agreement between the borough and the Spiegles and rescinded its earlier resolution authorizing condemnation proceedings. The record is silent as to the actual institution of any condemnation proceedings.
[2] Paragraph 3 of the agreement provides: "Both parties hereto will make application to the New Jersey Superior Court, Appellate Division requesting modification of the Judgment heretofore entered requiring the Borough of Beach Haven to condemn the southerly 1/2 of Lot 12, Lot 13 and Lot 14, Block 42. Inasmuch as the Court determined as a matter of fact that said parcel constituted a buildable lot, the Borough will issue a building permit for the construction of a structure thereon in accordance with plans previously submitted by Robert D. Spiegle and Doris Lorraine Spiegle, his wife, providing however, that said structure shall comply to all existing zoning and/or building code requirements and will have a period up to three years from the date of this agreement to apply for and get the permit."