85 N.J. Super. 234 (1964)
204 A.2d 375
BERTRAM I. COHEN AND HELENE COHEN, PLAINTIFFS-APPELLANTS,
v.
BOROUGH OF FAIR LAWN, A MUNICIPAL CORPORATION, ZONING BOARD OF ADJUSTMENT OF BOROUGH OF FAIR LAWN, FAIR LAWN DAIRIES, INC., A CORPORATION, AND FAIR LAWN-FARMLAND DAIRIES, INC., A CORPORATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 19, 1964.
Decided November 2, 1964.
*236 Before Judges CONFORD, KILKENNY and LEWIS.
Mr. Seymour Cohen argued the cause for appellants.
Mr. James A. Major argued the cause for respondents Fair Lawn Dairies, Inc. and Fair Lawn-Farmland Dairies, Inc. (Messrs. Major & Major, attorneys; Mr. James A. Major, II, on the brief).
The opinion of the court was delivered by KILKENNY, J.A.D.
Plaintiff property owners appeal from a judgment of the Superior Court, Law Division, affirming the action of the borough officials of Fair Lawn in 1963, in relieving defendant dairy company from a condition previously imposed in 1954 when it was granted a variance for erection of a refrigeration plant in a residential zone. That condition provided that the dairy company would not use ammonia or SO[2] in the refrigeration process.
Plaintiffs contend that the 1954 municipal action, in granting the variance subject to the condition, made the matter res judicata and thus precluded the municipal officials from deviating therefrom by eliminating the condition upon a new application by the dairy in 1962. The power of a municipality to impose conditions upon the grant of a variance *237 is well established. See State v. Farmland-Fair Lawn Dairies, Inc., 70 N.J. Super. 19 (App. Div. 1961), involving the very condition herein and upholding conviction of defendant for violation thereof. It is also settled that the doctrine of res judicata does apply to actions taken by a board of adjustment in granting or denying a variance. Russell v. Board of Adjustment of the Borough of Tenafly, 31 N.J. 58, 65 (1959).
However, the rule of res judicata does not bar the making of a new application for a variance, or for modification or enlargement of one already granted, or for lifting conditions previously imposed in connection with the grant of a variance, upon a proper showing of changed circumstances or other good cause warranting a reconsideration by the local authorities. Russell v. Board of Adjustment of the Borough of Tenafly, supra, 31 N.J., at p. 66. As noted in Central Home Trust Co. v. Gough, 5 N.J. Super. 295, 301 (App. Div. 1949), "administrative agencies have inherent power, comparable to that possessed by the courts * * *, to rehear and reconsider."
Plaintiffs contend that the lifting of the condition against the use of ammonia or SO[2] as a refrigerant was arbitrary, unreasonable and in disregard of the criteria for the granting of a variance and, for those reasons, should be set aside. We are not concerned herein with the use of the premises for a refrigeration plant. That use was authorized by the 1954 variance. In fact, plaintiffs signed an agreement at that time that they had no objection to the grant of the variance, provided defendant dairy company planted trees and shrubbery and otherwise improved the appearance of its property. These provisions were complied with. In their written agreement, there was no condition that ammonia or SO[2] would not be used as a refrigerant. That condition was evidently suggested at that time, along with a number of others, by the dairy company itself and accepted by the board of adjustment. Apparently, no issue was then raised or litigated with reference to the imposition of this condition. No appeal was taken by anyone from the 1954 variance as then granted.
*238 There is no evidence in the record before us that the use of ammonia or SO[2] as a refrigerant is deleterious, or has disturbed plaintiffs, or has affected or will adversely affect the public health, comfort or safety. There is no showing that the discontinuance of this refrigerant and the substitution of another will serve any useful purpose, or aid the objectives of the zoning plan. The refrigeration plant is lawfully there and in operation. Insistence upon fulfillment of the 1954 condition can only serve to harass the dairy company, probably cause it needless expense and result in a temporary cessation of its operations, while adjusting its plant to the use of some other refrigerant. The external character of the plant will remain unchanged. Moreover, defendant has been using ammonia as a refrigerant since 1937 in its adjacent bottling plant without any harmful effects and may continue to do so as a valid nonconforming use. While defendant's premises are in a residential zone, the location of the plot and its narrow and irregular shape render it unsuitable for residential development.
The continued use of the premises for dairy business purposes, including the refrigeration plant, does serve the general welfare, as that affirmative criterion for the grant of a variance is now broadly interpreted. Yahnel v. Board of Adjustment, 79 N.J. Super. 509, 517 (App. Div. 1963), certif. denied 41 N.J. 116 (1963); Andrews v. Board of Adjustment of Ocean Tp., 30 N.J. 245, 251 (1959). The public interest is vitally concerned with the ready supply of milk from an accessible local distribution plant.
Plaintiffs argue that the municipal officials should have denied the application for the lifting of the condition as to the use of ammonia as a refrigerant on the theory of estoppel and "unclean hands." Reference is made to the fact that defendant dairy violated the condition from the very time when the variance was granted in 1954. It was prosecuted in the municipal court for such violation. Its conviction was affirmed on appeal, as noted above.
*239 Needless to say, we do not condone defendant's violation of the zoning ordinance. We can readily detect evidence of bad faith on its part in voluntarily accepting the prescribed condition and then immediately and persistently disregarding it. The most that can be said for defendant is that it erroneously believed or was advised that the condition was not binding, a position which it entertained on its appeal from conviction for violating the variance condition and which we found to be untenable. State v. Farmland-Fair Lawn Dairies, Inc., supra. But this wrongful violation of the zoning ordinance, or erroneous misconception of its legal rights, fully known by the local authorities in 1962, when defendant sought to legitimatize its use of ammonia as a refrigerant in this building, would not per se disentitle defendant to the relief sought, or preclude the municipal officials from granting it, in the exercise of their sound discretion and in the furtherance of the public interest. The equitable principles of estoppel and "clean hands" are not so inflexible as to prohibit their relaxation in the accomplishment of substantial justice, when there is no prejudice to the public weal or to some private party litigant. Such is the case here.
Moreover, the courts ought not lightly to interfere with determinations of zoning matters made by municipal boards, especially where the local judgment and discretion do not transgress the statutory limitations and are not based upon arbitrary or unreasonable considerations. Vickers v. Township Com. of Gloucester Tp., 37 N.J. 232 (1962); Ward v. Scott, 16 N.J. 16 (1954). We find no excess of power by the Fair Lawn officials in the instant case and no persuasive argument for classifying their determination as arbitrary or unreasonable. We concur in the similar findings and conclusions made by the Law Division.
The judgment under review is affirmed. No costs.