149 N.J. Super. 107 (1977)
373 A.2d 415
BERNARD SPRINGSTEEL AND ELIZABETH SPRINGSTEEL ET AL., PLAINTIFFS-APPELLANTS,
v.
TOWN OF WEST ORANGE ET AL., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 15, 1977.
Decided April 5, 1977.
*108 Before Judges MATTHEWS, SEIDMAN and HORN.
Mr. Daniel E. Isles argued the cause for appellants (Messrs. Isles & Weissbard, attorneys).
Mr. Milton Malkin argued the cause for respondent.
Mr. Martin Kesselhaut argued the cause for respondent-intervenor, Jewish Community Development Corporation (Messrs. Ravin, Goldman & Kesselhaut, attorneys).
*109 PER CURIAM.
By an action in lieu of prerogative writs plaintiffs challenged the grant of a variance which permits defendant Jewish Community Development Corporation[1] to construct upon Lots 15-18 and 19, Block 165, located in primarily a residential zone for one-family dwellings, a senior citizens' housing project consisting of four structures to contain a total of 134 housing units. Plaintiffs[2] are residents and taxpayers of the township and reside in the vicinity of the proposed construction known as the Dogwood Farms and Oaks sections of the town.
On June 17, 1975 the variance was granted by the town council upon the recommendation of the board of adjustment. N.J.S.A. 40:55-39(d), since repealed, L. 1975, c. 291, § 80, effective August 1, 1976. The Superior Court, Law Division, upheld the grant of the variance and entered judgment accordingly. Plaintiffs then filed this appeal from the judgment.
Plaintiffs do not contend that the decision of the town council to grant the variance was arbitrary or capricious or otherwise constituted an abuse of its discretion. Their arguments are that the doctrine of estoppel (1) bars defendant Jewish Community Development Corporation from obtaining the variance and (2) "should prohibit defendant town from granting the variance."
The basis of the estoppel claim primarily rests upon the testimony of plaintiff Bernard Springsteel. He said that in 1963 the then owner of the tract, Jewish Community Foundation (Foundation), applied for a variance to permit it to construct what is now the West Orange YMHA on Lot *110 15 of the tract. Various members of the Dogwood Farms Civic Association who lived in the vicinity of the subject tract were opposed to the construction of the building. While the application was pending a representative of the Foundation met with Springsteel and another member of the Civic Association, one Michaeli, in the backyard of the Springsteel house. The representative allegedly told Springsteel and Michaeli that if the objectors would withdraw their protests against the grant of the variance, "there would be no other structure or outdoor activities erected on that property" and "that it would be left as park land." Consequently, the Civic Association made no objection to the application. Although objections to the grant of the variance apparently were voiced by others, the variance was granted upon condition that "no part of the premises in question or the proposed building be used for residential purposes."
The alleged promise was never reduced to writing. Although the terms of the stated condition were not in accordance with the alleged promise, no objection was ever made. Springsteel could not say whether the condition was required by the board of adjustment on its own initiative, or whether it was required as a consequence of the alleged promise.
The hearing before the trial judge was on the record made before the board of adjustment. No additional proof was offered before the judge. We gather that the judge upheld the challenged variance generally on a finding that plaintiffs had failed to overcome the presumptive validity of the municipal action, Grundlehner v. Dangler, 29 N.J. 256, 266 (1959); Bonsall v. Mendham Tp., 116 N.J. Super. 337 (App. Div. 1971), certif. den. 59 N.J. 529 (1971); that the condition to which the 1963 variance was subject was properly lifted by the township council by reason of changed circumstances, i.e., the acute need for senior citizen housing, Cohen v. Fair Lawn, 85 N.J. Super. 234 (App. Div. 1964), and because the applicant, Jewish Community *111 Development Corporation, had established "special reasons," thereby satisfying the requirements of N.J.S.A. 40:55-39(d). Although we differ from the trial judge in our ratiocination, nevertheless we agree that the action of defendant Town of West Orange should be sustained. Accordingly, we affirm.
Turning to the first ground raised by plaintiffs  that the doctrine of estoppel bars defendant Jewish Community Development Corporation from obtaining the variance  we first note the procedural defect in plaintiffs' action. The instant action is founded upon misconception of the roles of the board of adjustment and the township council. Neither of these bodies is a court capable of adjudicating either legal or equitable issues. Their respective functions and powers depend upon statutory grants. A board of adjustment may perform quasi-judicial functions, but only in the sphere of authority vested in it by N.J.S.A. 40: 55-39. V.F. Zahodiakin Engineering Corp. v. Summit Bd. of Adj., 8 N.J. 386 (1952); Potts v. Princeton Bd. of Adj., 133 N.J.L. 230 (Sup. Ct. 1945).
Our judicial system is primarily concerned with the substance of controversies and, where permissible, will overlook procedural flaws, if the interests of justice so require. But the problem here is not a superficial one. It goes deeper; it is jurisdictional.
As stated, no testimony was offered at the court hearing. The "estoppel" testimony presented before the board of adjustment did not furnish a valid basis for a rejection of the request for a variance. The board had only the power to
d. [r]ecommend in particular cases and for special reasons to the governing body of the municipality the granting of a variance to allow a structure or use in a district restricted against such structure or use. [N.J.S.A. 40:55-39]
In the exercise of that power it was incumbent upon the board to determine whether there were special reasons in support of the application for the variance, and, if there were *112 special reasons, that there would be no "substantial detriment to the public good and [that the grant of same would] not substantially impair the intent and purpose of the zone plan and zoning ordinance."
Once that recommendation had been transmitted to the governing body, the governing body upon review of the proceedings before the zoning board was empowered "by resolution, [to] approve or disapprove such recommendation." N.J.S.A. 40:55-39(d).
Neither the board of adjustment nor the township council had the power or authority to determine whether the applicant for the variance was estopped in any fashion or for any reason from applying for the grant. Accordingly plaintiffs are not entitled to the relief sought as to defendant Jewish Community Development Corporation.
Plaintiffs' claim of estoppel against defendant Town of West Orange is subject to the same procedural infirmity which is discussed above as to Jewish Community Development Corporation. Likewise, the claim that the town is estopped is without merit, apart from the procedural aspect. The testimony adduced by plaintiffs before the board of adjustment (even assuming that it was relevant and material to the issue before the board) in no way connected defendant town with any promise or other agreement which in equity and good conscience should preclude the granting of the variance which is the subject of plaintiffs' protest. We agree with plaintiffs that Palisades Properties, Inc. v. Brunetti, 44 N.J. 117 (1965), recognizes that a municipality may be estopped from taking legislative action, but in that case there was a clear agreement of the defendant on the basis of which the estoppel was raised. No such agreement or other action or promise has been established in the case at bar.
In addition, plaintiffs' argument implies that the municipality is obliged to give blind allegiance to the condition imposed 12 years earlier. Such argument is frivolous. As stated in Cohen v. Fair Lawn, supra, "the rule of res *113 judicata does not bar the making of a new application for a variance, or for modification or enlargement of one already granted, or for lifting conditions previously imposed in connection with the grant of a variance, upon a proper showing of changed circumstances or other good cause warranting a reconsideration by local authorities." 85 N.J. Super. at 237. To hold differently would offend public policy by countenancing a restraint upon the future exercise of municipal action in the absence of sound reason for such restraint. Cf. McCrink v. West Orange, 85 N.J. Super. 86, 91 (App. Div. 1964).
For the foregoing reasons the judgment is affirmed.
NOTES
[1] Midlantic National Bank is mentioned in the record as the owner of an additional plot of land adjacent to the above-mentioned lots which Community Development plans to acquire in connection with the project.
[2] Bernard and Elizabeth Springsteel were the original plaintiffs. By consent 15 additional residents and taxpayers were permitted to intervene as plaintiffs. Also by consent, Jewish Community Development Corporation was permitted to intervene as a party defendant.