971 A.2d 430 (2009)
407 N.J. Super. 371
Steven M. TANENBAUM and Deborah Del Nobile Tanenbaum, Plaintiffs-Appellants,
v.
TOWNSHIP OF WALL BOARD OF ADJUSTMENT and Township of Wall Planning Board, Defendants-Respondent.
Township of Wall, Intervenor-Respondent/Cross-Appellant.
No. A-1740-06T1
Superior Court of New Jersey, Appellate Division.
Submitted December 17, 2008.
Decided May 27, 2009.
Baer, Arbeiter, Ploshnick, Tanenbaum & Weiss, LLC, Metuchen, for appellants *431 (Steven M. Tanenbaum and Sherri N. Orenberg-Ruggieri, on the brief).
Pandolfe, Shaw & Rubino, LLC, for respondents (Michael R. Rubino, Jr., on the brief).
Jeffrey R. Surenian and Associates, LLC, Brielle, for intervenor-respondent/cross-appellant (Mr. Surenian, of counsel and on the brief; Erik C. Nolan and Nancy L. Holm, on the brief).
Before Judges RODRÍGUEZ, PAYNE and NEWMAN.
PER CURIAM.
Plaintiffs, Steven and Deborah Tanenbaum, homeowners in a Mount Laurel[1] development constructed pursuant to the settlement of a builder's remedy suit, sought to subdivide their property. They appeal from a trial court determination that they were not entitled to utilize the small-lot zoning applicable to the developer in connection with the initial development, but instead were bound by the alternative large-lot zoning otherwise applicable to the area.
Intervenor, Township of Wall, cross-appeals from the court's determination that plaintiffs could return to the Board of Adjustment to seek a variance from the large-lot zoning that the judge found to be applicable to them.

I.
In the late 1980s and in the wake of the Supreme Court's decision in Mount Laurel II, the Township of Wall became the subject of several builder's remedy lawsuits brought by developers, including Lions Head Holding Corporation, alleging that the Township had failed to meet its affordable housing obligations. The Township settled with Lions Head, entering into a consent order of settlement on October 24, 1988. Under the terms of the consent order, the Township agreed to rezone the subject property to permit lot sizes of not less than 25,000 square feet, whereas a 60,000 square foot lot size was required by standards governing the otherwise-applicable R-60 Zone, and to encourage the Planning Board to approve the subdivision of the property to permit the creation of 206 lots. The developer, in turn, was required to pay the Township $300,000 plus $10,000 per unit over 103 units. The order further provided that "all rights and duties created by this agreement ... shall bind any successors and/or assigns." A supplemental consent order was filed on March 3, 1989.
In accordance with its agreements as embodied in the consent orders, the Township established by ordinance an ML-25 Mount Laurel Compliance Zone applicable to the Lions Head property, which provided:

Permitted Principal Uses. In the ML-25 Mount Laurel Compliance Zone, no premises shall be permitted and no structure shall be erected, altered or occupied for any purpose except the following:
a. Same as permitted in the Rural Residential zone in conformance with the R-60 Residential Zone District requirements.
b. Such Mount Laurel development as is permitted by the Housing Plan Element of the Wall Township Master Plan as adopted August 1, 1988; the Consent Order Approving Settlement entered October 24, 1988; the Consent *432 Order entered March 3, 1989; and the Developers Agreement to be entered.... Such Mount Laurel Development shall be in conformance with the Schedule of Area, Yard and Building Requirements as follows:
1. Minimum Lot Area
a. Interior Lot: 25,000 square feet
b. Corner Lot: 25,000 square feet
Thereafter, the Township Planning Board adopted a housing element and fair share plan that the court concluded fully satisfied the Township's Mount Laurel obligation. Accordingly, on September 24, 1990, an Order of Repose was entered.
The Tanenbaums purchased Block 811.01, Lot 62, located at 2404 Orchard Crest Boulevard, from Lions Head Holding Corporation on May 24, 1994, paying a $35,000 premium for the lot because of its large size. In April 2005, the Tanenbaums submitted a subdivision application to the Township, proposing to split Lot 62 into two lots of 25,111 square feet and 42,780 square feet, respectively. The subdivision would thus create a 207th lot as part of the Orchard Crest development. The Tanenbaums concede that they are not Mount Laurel developers.
Because approval of the Tanenbaums' application would increase the density of the ML-25 district from 1.2 units per acre to 1.209 units per acre, consideration of the application was transferred by the Township's Planning Board to its Zoning Board of Adjustment for consideration of a use variance. The Board of Adjustment conducted hearings on the application in October 2005, at which time the terms and conditions of various orders entered in connection with the settlement of the Lions Head builder's remedy litigation were reviewed. The Board determined that, because Lot 62 was a part of a tract that had previously been subdivided, the Tanenbaums' proposed subdivision constituted a major subdivision, not a minor one, and that conformity with major subdivision requirements was required. The Board additionally determined that a density variance was necessary because the governing ordinance limited density to 1.2 units per acre, and that limitation would be exceeded. As a final matter, the Board determined that:
If Applicants proceeded with the application, it would be held to the standards of the R-60 Zone requirements which require[ ] minimum square foot lots of 60,000 square feet. The Applicant would have to amend its plans and application to identify all bulk variances that would be needed as a result of proceeding under the R-60 Zone requirements of the zone.
Upon learning of the Board's position, the Tanenbaums determined not to proceed with their application. Instead, they filed an action in lieu of prerogative writs seeking the court's interpretation of the applicable zoning ordinance. The Township of Wall was permitted to intervene. On September 20, 2006, Judge Alexander D. Lehrer conducted a trial in the matter, and on the following day he issued a comprehensive written opinion in which he concluded that the Planning Board had properly transferred the matter to the Board of Adjustment. He found further that any delays in the proceedings before the Board of Adjustment were the result of the Tanenbaums' conduct or other justifiable causes, and in any case, the delay did not result in an automatic approval of the Tanenbaums' application. The judge also concluded, as had the Board of Adjustment, that the Tanenbaums' subdivision application was not for Mount Laurel development; therefore, R-60 zoning was applicable to the site and bulk variance relief pursuant to N.J.S.A. 40:55D-70(d)(5) was required for the major subdivision *433 that the Tanenbaums proposed. The judge further found that the application of the provisions of the zoning ordinance in a manner that distinguished between Mount Laurel and other development did not violate the "uniformity" provision of N.J.S.A. 40:55D-62(a). As a final matter, the judge afforded the Tanenbaums the opportunity to resubmit their application for a subdivision to the Board of Adjustment.

II.
We affirm Judge Lehrer's conclusions substantially on the basis of his written opinion, reported at 407 N.J.Super. 446, 971 A.2d 475, 2009 WL 1565080 (Law Div. 2009).
We add only the following: On appeal to us, the Tanenbaums argue that the Board of Adjustment lacked the authority to grant or deny relief when there were consent orders encumbering the property, and thus the findings of Judge Lehrer to the contrary "should be overturned and this court should conduct a de novo review as to the applicable law since there are no questions of fact." We disagree with this position, determining that the consent orders at issue delimited the parties' obligations in connection with the builder's remedy lawsuit and its settlement and provided the foundation for the applicable Township zoning ordinance, now set forth at § 140-306. However, in reaching its conclusions with respect to the applicability of R-60 Zone requirements to the Tanenbaums' proposed subdivision of their property, the Board interpreted the governing ordinance, not the consent order, thereby acting in a manner that we and other courts have recognized as statutorily authorized. DePetro v. Tp. of Wayne Planning Bd., 367 N.J.Super. 161, 169, 842 A.2d 266 (App.Div.), certif. denied, 181 N.J. 544, 859 A.2d 689 (2004); Colts Run Civic Ass'n. v. Colts Neck Tp., 315 N.J.Super. 240, 246, 717 A.2d 456 (Law Div.1998); N.J.S.A. 40:55D-70(b).
We distinguish Springsteel v. Town of W. Orange, 149 N.J.Super. 107, 373 A.2d 415 (App.Div.), certif. denied, 75 N.J. 10, 379 A.2d 241 (1977), upon which the Tanenbaums rely. In that case, we held that a Board of Adjustment properly declined to consider the estoppel arguments raised by opponents to the grant of a variance to permit the construction of a senior citizens' housing project, holding that the Board was not capable of adjudicating equitable issues, and was empowered only to recommend to the governing body of the municipality the granting of a variance to allow a structure or use in a district restricted against such structure or use. Id. at 111, 373 A.2d 415. Springsteel is thus consistent with more recent authority in its delineation of the authority of a Board of Adjustment, and it in no way conflicts with Judge Lehrer's or our view of this case. The Board of Adjustment properly exercised the powers conferred upon it by N.J.S.A. 40:55D-70.
The Tanenbaums argue additionally that the builder's remedy incorporated into the small-lot zoning provisions of Ordinance § 140-306 should be applied to them, despite the fact that they are not Mount Laurel developers. They claim: "If, in the present case, the developer was entitled to a subdivision using the ML-25 zoning specifications (e.g. minimum lot size of 25,000 square feet), the Tanenbaums should be afforded the same ML-25 zoning requirement." We find this argument to have been fully and properly addressed by Judge Lehrer in his decision following trial of the Tanenbaums' prerogative writs action.
As a final matter, the Township contests that portion of Judge Lehrer's order that permits the Tanenbaums to resubmit *434 their major subdivision application to the Township's Board of Adjustment, arguing that, in order to do so, the Tanenbaums first would have to seek a modification of the consent orders entered with Lions Head in connection with the settlement of its builder's remedy litigation. We disagree. The consent orders memorialize an agreement between the Township and developer, and do not restrict third parties such as the Tanenbaums from applying for a subdivision pursuant to the non-Mount Laurel provisions of the zoning ordinance. Indeed, the wording of the ordinance suggests that the Township anticipated that additional development could take place on the property, since it provides square footage lot requirements for both Mount Laurel and non-Mount Laurel construction. Although we agree with the Township that, as the result of the settlement and subsequent judgment of repose, the Tanenbaums are not eligible to participate in a Mount Laurel remedy in connection with their property, we find the court orders entered in connection with the Mount Laurel litigation to be irrelevant to the major subdivision that the Tanenbaums have proposed, which is properly governed by standards applicable to the R-60 Zone and the Board's determinations with respect to variances from the standards imposed by that zoning.
Affirmed.
NOTES
[1] See Southern Burlington County N.A.A.C.P. v. Tp. of Mount Laurel, 67 N.J. 151, 336 A.2d 713, appeal dismissed and cert. denied, 423 U.S. 808, 96 S.Ct. 18, 46 L.Ed.2d 28 (1975) (Mount Laurel I) and Southern Burlington County N.A.A.C.P. v. Tp. of Mount Laurel, 92 N.J. 158, 456 A.2d 390 (1983) (Mount Laurel II).