**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3659-18T3

JOHN FITZPATRICK,

     Plaintiff-Appellant,

v.

PLANNING BOARD OF THE
TOWNSHIP OF FREEHOLD,

     Defendant-Respondent.

_____

Submitted December 2, 2019 – Decided January 17, 2020

Before Judges Messano and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-3768-17.

Michael B. Steib, attorney for appellant.

Francis C. Accisano, attorney for respondent.

PER CURIAM

In 2007, plaintiff John Fitzpatrick sought minor subdivision and variance approval from defendant Township of Freehold Planning Board (the Board),

permitting him to subdivide one of two contiguous lots that he owned. The Board's January 2008 memorializing resolution approved the development application. As a result, while Block 105, Lot 42, which plaintiff owned and was not a subject of the application, remained intact, Lot 43, a "split lot,"[1] became Lots 43 and 43.01, with the lot line drawn along the line demarcating the two zones. The Board's resolution included a condition prohibiting any further subdivision of Lots 43 and 43.01, finding it was contrary to the municipality's land use regulations and the Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -163. Plaintiff never challenged this restriction imposed by the Board.

In 2016, plaintiff filed another development application in which he sought to subdivide Lots 42 and 43, creating four lots out of two. The houses already standing on the two lots would remain in place, with the subdivisions affecting the land between those homes. All four proposed lots would comply with the dimensional requirements of the zoning district, and plaintiff agreed to comply with all technical conditions imposed by the Board's professional staff.

---

[1] A "split lot" lies in two different zones. See, e.g., AMG Assocs. v. Twp. of Springfield, 65 N.J. 101, 103–04 (1974) (explaining the term).

The Board held hearings on the application, considered the testimony of plaintiff's professional engineer and planner, and unanimously denied the application.[2] In its memorializing resolution, the Board found that three of the four proposed lots "would be of lesser area tha[n] other properties on [the street] and in the adjoining . . . [s]ubdivision." The Board characterized the application as one seeking "excision of the condition [of no further subdivision] from the prior [r]esolution of [a]pproval." The Board rejected any expert testimony "regarding the mental state of the [a]pplicant at the time of the original [m]inor [s]ubdivision" as "self-serving recollections[.]" It also found plaintiff failed to produce any evidence "to indicate . . . there ha[d] been changes to the . . . Master Plan, Land Use Ordinance, or changes in the area which would justify an excision or modification of the previously imposed condition."

Plaintiff filed a complaint in lieu of prerogative writs in the Law Division alleging the Board's denial was "arbitrary, capricious and unreasonable." In a written decision, Judge Linda Grasso Jones reviewed the testimony before the Board, as well as applicable case law. The judge concluded "plaintiff did not

_____

[2] Between the two sessions of hearings, it appears that recordings of the 2007 hearings were made available to plaintiff, his experts and the Board. The Board's memorializing resolution lists a compact disc of those proceedings as part of the record before the Board. Those 2007 proceedings were transcribed and are part of the appellate record.

carry his burden of showing that either changed circumstances or other good cause existed to grant relief from the previously-imposed condition against subdivision, and this court thus is without authority to disturb the decision of the Board[.]" Judge Grasso Jones dismissed the complaint, and this appeal ensued.

Before us, plaintiff essentially reiterates the arguments made in the Law Division. He contends the subdivision application met all the requirements of the zoning regulations, the Board's "power to impose conditions upon an approval is balanced by it[]s obligation to consider requests for relief from such conditions[,]" and his expert witnesses "demonstrated changed circumstances and other good cause" justifying excision of the earlier restriction on any further subdivision of Lot 43.

The Board contends that the decision to deny relief from the restriction was "not arbitrary, capricious or unreasonable in the absence of changed circumstances or other good cause." It also argues that plaintiff's challenge is actually an appeal from the condition imposed in 2007 and is untimely under Rule 4:69-6(b)(3) (requiring all actions in lieu of prerogative writs seeking review of a planning board's or board of adjustment's action to be filed within forty-five days of publication of the memorializing resolution).

4

Having considered these arguments in light of the record and applicable case law, we affirm substantially for the reasons expressed by Judge Grasso Jones.

We first note that plaintiff accurately states certain general principles applicable to the issue before us. Under the MLUL, if no variance is required, the Board must grant preliminary subdivision approval to a development application that complies with the design standards and other requirements of a municipality's subdivision ordinance and the statute. Pizzo Mantin Grp. v. Twp. of Randolph, 137 N.J. 216, 229 (1994); see also Klug v. Bridgewater Twp. Planning Bd., 407 N.J. Super. 1, 11 (App. Div. 2009) ("[B]ecause the new application complied with all ordinances and required no variance or waiver, the Board was required to approve it.") (citing Pizzo Mantin, 137 N.J. at 226).

Additionally, plaintiff correctly asserts that a local land use board may reconsider any previously imposed condition or restriction in a subsequent development application. In Allied Realty, Ltd. v. Borough of Upper Saddle River, we said a board may consider

> a new application for a variance, or here for subdivision approval, or for modification . . . of one already granted, "or for lifting conditions previously imposed," upon a showing that the continued enforcement of the restriction would frustrate an appropriate purpose. Changed circumstances or other good cause may

5

warrant reconsideration by the local authorities. To hold differently would offend public policy by countenancing a restraint upon the future exercise of municipal action in the absence of a sound reason justifying such a static approach. The question for the municipal agency on a second application thus centers about "whether there has occurred a sufficient change in the application itself or in the conditions surrounding the property to warrant entertainment" of the matter again.

[221 N.J. Super. 407, 414 (App. Div. 1987) (quoting Cohen v. Borough of Fair Lawn, 85 N.J. Super. 234, 237 (App. Div. 1964); quoting Russell v. Bd. of Adjustment of Tenafly, 31 N.J. 58, 66 (1959)).]

Accord Park Ctr. at Route 35, Inc. v. Zoning Bd. of Adjustment of Woodbridge, 365 N.J. Super. 284, 291 (App. Div. 2004). However, recognition of these general principles does not relieve the applicant of his burden of proof, nor does it change the trial court's and our standard of review of the Board's actions in this case.

Like the trial court, we apply a highly deferential standard of review to the Board's decisions, which "enjoy a presumption of validity, and a court may not substitute its judgment for that of the board unless there has been a clear abuse of discretion." Price v. Himeji, LLC, 214 N.J. 263, 284 (2013) (citing Cell S. of N.J., Inc. v. Zoning Bd. of Adjustment of W. Windsor Twp., 172 N.J. 75, 81 (2002)). "Because a [board's] actions are presumed valid, the party

'attacking such action [has] the burden of proving otherwise.'" Northgate Condo. Ass'n v. Borough of Hillsdale Planning Bd., 214 N.J. 120, 145 (2013) (alterations in original) (quoting Cell S. of N.J., 172 N.J. at 81). The party must demonstrate the board's decision was "arbitrary, capricious[,] or unreasonable." Ibid. In other words,

> [t]he challenger must show that the Board engaged in "willful and unreasoning action, without consideration and in disregard of circumstances. Where there is room for two opinions, action is [valid] when exercised honestly and upon due consideration, even though it may be believed that an erroneous conclusion has been reached."
>
> [Id. at 145–46 (second alteration in original) (quoting Worthington v. Fauver, 88 N.J. 183, 204–05 (1982)).]

Plaintiff contends he met his burden by demonstrating a change in circumstances after the Board imposed the 2007 restriction on further subdivision of Lot 43, other good cause for the requested relief, and because there was "[n]o sound reason for the restraint."

Plaintiff argues the expert testimony demonstrated the purpose of the 2007 restriction on further subdivision of Lot 43 was to eliminate the creation of two non-conforming lots or the creation of a "flag lot"[3] providing access through Lot

---

[3] See Am. Dream at Marlboro, LLC v. Planning Bd. of Marlboro, 209 N.J. 161, 164 (2012) (describing flag lot configuration).

43 to newly created Lot 43.01. He asserts the restriction never contemplated a change in circumstances, i.e., plaintiff's inclusion of Lot 42 in any future development application. However, the Board rejected the expert's assessment of its reasons for imposing the restriction in the first place, and its chairman's sharp questioning of plaintiff's planner resulted in her eventual concession that the only "change" since 2007 was how plaintiff wished to divide the land. As noted by Judge Grasso Jones, "the properties in question ha[d] not changed, the surrounding area ha[d] not changed, the applicable zoning ha[d] not changed, but rather plaintiff's intentions as to what he would like to do . . . ha[d] changed."

Plaintiff cites our decision in Cohen and argues that Judge Grasso's interpretation of what constitutes changed circumstances was wrong, because in Cohen we affirmed a local board's decision to provide relief from a previously imposed restriction despite no changes in the property, surrounding properties or zoning regulations. Cohen's general principles have withstood the test of time, but plaintiff overlooks the unusual factual circumstances in that case. 85 N.J. Super. 234.

In Cohen, the local board granted a dairy plant relief from a restriction imposed when it earlier approved a use variance that included a prohibition on the dairy's use of certain refrigerants on the property. Id. at 237–38. Objecting

residents claimed that the earlier grant of the variance containing this condition "made the matter [r]es judicata and thus precluded the municipal officials from . . . eliminating the condition upon a new application[.]" Id. at 236. They argued the board's decision "was arbitrary, unreasonable[,] and in disregard of the criteria [used] for the granting of a variance[.]" Id. at 237.

We noted there was nothing in the record demonstrating the use of the prohibited refrigerants had a deleterious effect on public health, no showing that discontinuing their use would impair the zoning plan's objectives, and enforcement of the prohibition could "only serve to harass the dairy company," which business "serve[d] the general welfare[.]" Id. at 238. We also reiterated that "courts ought not lightly . . . interfere with determinations of zoning matters made by municipal boards, especially where the local judgment and discretion do not transgress the statutory limitations and are not based upon arbitrary or unreasonable considerations." Id. at 239 (citing Vickers v. Twp. Comm. of Gloucester, 37 N.J. 232 (1962)).

The facts of Cohen are inapposite to those presented by this appeal. The grant of relief from a prior condition attached to the variance in that case was not premised on a demonstration of changed circumstances, but rather on "other good cause warranting a reconsideration by the local authorities." Id. at 237

9

(citing Russell, 31 N.J. at 66). Moreover, in Cohen, we upheld the board's authority to exercise its discretion to remove a restriction and accord the applicant the requested relief. Here, plaintiff urges us to conclude the Board's exercise of its discretion to retain the restriction and deny him relief was arbitrary, capricious, and unreasonable. In different circumstances, i.e., the denial of a variance, we have traditionally accorded even greater deference to the local board's decision not to relieve a property owner of restrictions imposed by zoning regulations. See, e.g., CBS Outdoor, Inc. v. Borough of Lebanon Planning Bd./Bd. of Adjustment, 414 N.J. Super. 563, 578 (App. Div. 2010) (citations omitted); see also Park Ctr., 365 N.J. Super. at 291–92 (affirming local board's refusal to remove a condition previously imposed during site plan approval of first phase of a development).

In this case, plaintiff contends he demonstrated good cause for relief because the proposed subdivision complies with the zoning regulations and the general purposes of the MLUL. He argues there is no "sound reason for the restraint." However, plaintiff's planner testified that Lot 42 alone could be subdivided into two fully conforming lots, and that plaintiff faced no hardship in limiting the scope of the development application by not subdividing lot 43. In fact, during colloquy, plaintiff's counsel admitted there was "[n]o hardship,

10                                                                                    A-3659-18T3

just money." See id. at 292 (questioning "economic concerns, of personal interest only to the applicant" as sufficient changed circumstances justifying relief from prior restriction).

In short, plaintiff's properties currently comply with the zoning regulations and Lot 42 can be further developed consistently with the zoning regulations and the previously imposed restriction on further subdivision of Lot 43. Plaintiff's inability to obtain an even greater return if the application were granted does not establish good cause for relief from the prior restriction.

In the end, it is not our role to second guess the Board's decision, particularly when it was plaintiff's burden to demonstrate changed conditions or good cause justifying relief from the prior condition. We agree with Judge Grasso Jones' conclusion that plaintiff failed to carry his burden.[4]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] As a result, we do not consider the Board's alternative argument that plaintiff's complaint was an untimely challenge to the propriety of the 2007 restriction on further subdivision of Lot 43.

A-3659-18T3