**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2842-19

FRANK'S REALTY COMPANY,

    Plaintiff-Appellant,

v.

ZONING BOARD OF
ADJUSTMENT OF THE CITY
OF VINELAND, and VILLAGE
SUPER MARKET, INC.,

    Defendants-Respondents.

_____

Submitted January 19, 2021 – Decided March 17, 2021

Before Judges Messano and Hoffman.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Docket No. L-0501-19.

Blaney Donohue Karavan & Weinberg, PC, attorneys for appellant (Frank Guaracini, III, of counsel and on the brief).

Frank DiDomenico, attorney for respondent Zoning Board of Adjustment of the City of Vineland.

Del Duca Lewis, LLC, attorneys for respondent Village Super Market, Inc. (Damien O. Del Duca and Laura M. D'Allesandro, on the brief).

PER CURIAM

Plaintiff Frank's Realty Company owned approximately thirty-three acres in Vineland on which it had constructed two strip malls. Defendant Village Super Market, Inc. (Village) was a major tenant, operating a 75,000 square-foot Shop-Rite supermarket on plaintiff's property. Village entered into a contract to purchase a 21.6-acre parcel comprised of farmland and a dilapidated single-family dwelling (the Property) immediately adjacent to plaintiff's property. The Property was in the A5 zone, which only permitted agriculture uses.

Village filed an application with the Vineland Zoning Board of Adjustment (the Board), seeking a use variance and approval to construct a larger supermarket and make other improvements on the Property. Contemporaneously, Village was negotiating with plaintiff for the purchase of its property.

The Board approved the application as reflected in a memorializing resolution dated April 18, 2018. The resolution notes that plaintiff's principal spoke in favor of Village's application, and that plaintiff and Village were

negotiating the potential sale of plaintiff's property to Village. Those negotiations ultimately failed.

On March 18, 2019, Village submitted an application for preliminary major site plan approval, bulk variances, and design waivers, requesting that it be considered at the Board's April 17, 2019 meeting.[1] Vineland's zoning regulations required that "[a]fter a use variance has been granted . . . the applicant shall have one year in which to institute commencement of use." Vineland, N.J., Code § 425-309(A) (the Ordinance). Due to a large volume of applications, the Board's professional staff was unable to review the application in time for the Board meeting. The hearing on Village's application was postponed to the next Board meeting on May 15, 2019.

Citing the Ordinance and the delay caused by the Board's professionals' inability to complete their reviews, counsel for Village wrote to the Board seeking "an extension of time for Village to secure preliminary site plan approval for its proposed shopping center." In a second letter to the Board, counsel indicated he was submitting an amended petition "to include a request

---

[1] In accordance with the Board's instruction sheet, the application needed to be "filed at least thirty . . . days prior to the board meeting date." In its brief, the Board claims Village had an approval deadline of April 21, 2019 with an application deadline of March 22, 2019. In any event, it appears that Village filed its application in a timely manner.

A-2842-19

for . . . a variance" from the Ordinance's time limits. He published a new notice of the application and served all nearby property owners as required by the Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -163. The Board unanimously approved the extension and site plan application. It adopted a memorializing resolution on June 9, 2019.

Plaintiff filed a complaint in lieu of prerogative writs in the Law Division asserting various challenges to the Board's approval. The Board and Village filed answers. After considering oral argument, Judge Benjamin C. Telsey rendered an oral decision and entered an order affirming the Board's approval and dismissing plaintiff's complaint. This appeal followed.

I.

"When reviewing a trial court's decision regarding the validity of a local board's determination, 'we are bound by the same standards as was the trial court.'" Jacoby v. Zoning Bd. of Adjustment, Borough of Englewood Cliffs, 442 N.J. Super. 450, 462 (App. Div. 2015) (quoting Fallone Props., LLC v. Bethlehem Twp. Plan. Bd., 369 N.J. Super. 552, 562 (App. Div. 2004)). "[T]he action of a board will not be overturned unless it is found to be arbitrary and capricious or unreasonable, with the burden of proof placed on the plaintiff challenging the action." Dunbar Homes, Inc. v. Zoning Bd. of Adjustment, Twp.

of Franklin, 233 N.J. 546, 558 (2018) (alteration in original) (quoting Grabowsky v. Twp. of Montclair, 221 N.J. 536, 551 (2015)).

"[Z]oning boards, 'because of their peculiar knowledge of local conditions[,] must be allowed wide latitude in the exercise of delegated discretion.'" Price v. Himeji, LLC, 214 N.J. 263, 284 (2013) (second alteration in original) (quoting Kramer v. Bd. of Adjustment, Sea Girt, 45 N.J. 268, 296 (1965)). "Th[e] board's decisions enjoy a presumption of validity, and a court may not substitute its judgment for that of the board unless there has been a clear abuse of discretion." Ibid. (citing Cell S. of N.J., Inc. v. Zoning Bd. of Adjustment, 172 N.J. 75, 81 (2002)).

However, "[a]lthough a municipality's informal interpretation of an ordinance is entitled to deference, that deference is not limitless." Bubis v. Kassin, 184 N.J. 612, 627 (2005) (citing Fallone Props., 369 N.J. Super. at 561). "[T]he meaning of an ordinance's language is a question of law that we review de novo." Ibid. (citing In re Distrib. of Liquid Assets, 168 N.J. 1, 11 (2001)); see also Wyzykowski v. Rizas, 132 N.J. 509, 518 (1993). "The established rules of statutory construction govern the interpretation of a municipal ordinance." State v. Schad, 160 N.J. 156, 170 (1999) (citing AMN, Inc. of N.J. v. Twp. of S. Brunswick Rent Leveling Bd., 93 N.J. 518, 524–25 (1983)).

A-2842-19

Before us, plaintiff contends the Board "had no legal authority to grant . . . a variance" from the one-year time restriction in the Ordinance, and it otherwise "applied an improper legal standard" to Village's application. Plaintiff also argues the preliminary site plan application was "defective" because it lacked sufficient storm water management measures, a traffic impact statement and included a deficient environmental impact statement. Lastly, plaintiff contends the memorializing resolution was inadequate.

We have considered these arguments in light of the record and applicable legal standards and affirm.

II.

We first address plaintiff's arguments regarding the Ordinance, and its purported impact on the Board's ability to consider Village's application for preliminary site plan approval, bulk variances, and design waivers. Plaintiff contends the Ordinance's one-year time limit divested the Board of any authority to consider the application because one year had elapsed since the Board approved the use variance. Citing our decision in Sherman v. Borough of Harvey Cedars Zoning Board of Adjustment, 242 N.J. Super. 421 (App. Div. 1990), Judge Telsey concluded that the Board was empowered to extend the time limit, particularly under the circumstances in this case. We agree.

6

The MLUL does not require the recipient of a use variance to proceed with the development within a certain period. Generally, once granted, the variance runs with the land. See, e.g., Campus Assocs., LLC v. Zoning Bd. of Adjustment, Twp. of Hillsborough, 413 N.J. Super. 527, 534–35 (App. Div. 2010) ("A variance is not a personal right granted by a board to an applicant, but rather it is a right that attaches to land successive owners take subject to the benefits of the variance." (citing Stop & Shop Supermarket Co. v. Bd. of Adjustment of Springfield, 162 N.J. 418, 432–33 (2000))). However, "[o]rdinances that impose a time limit on the validity of a variance also have been upheld notwithstanding that the MLUL does not grant expressly that authority." D.L. Real Estate Holdings, LLC v. Point Pleasant Beach Plan. Bd., 176 N.J. 126, 133 (2003) (citing Ramsey Assocs., Inc. v. Bd. of Adjustment, Borough of Bernardsville, 119 N.J. Super. 131, 133 (App. Div. 1972)).

> Where such an ordinance exists, it may be varied by the board in the same way as any other provision of the zoning ordinance upon application for a variance and a showing of inability to commence the use for good and sufficient reasons . . . . [A] board of adjustment has authority to vary any regulation in the zoning ordinance.
>
> Cox & Koenig, New Jersey Zoning & Land Use Administration § 28-2.1 (2021).

A-2842-19

As we said in Sherman, "the law recognizes that an application for the 'lifting [of] conditions previously imposed in connection with the grant of a variance' can be granted by a board of adjustment 'upon a proper showing of changed circumstances or other good cause warranting a reconsideration by the local authorities.'" 242 N.J. Super. at 429 (alteration in original) (quoting Cohen v. Fair Lawn, 85 N.J. Super. 234, 237 (App. Div. 1964)).

Here, the facts demonstrated good cause warranting relief from the Ordinance's one-year time limit. The failure to meet the implicit condition of the variance approval, i.e., the commencement of the use within one-year of its approval, did not result from Village's inaction. Indeed, the Board's June 2019 resolution stated the need for an extension was "through no fault of the applicant but through the workload of the Planning Staff . . . . [T]he applicant has advanced valid reasons for granting the extended use variance and that one-month extension is [de minimis]."

Plaintiff next contends that it was error to grant Village an extension because the Board should have analyzed the request using an "equitable tolling analysis," which Village could not satisfy. The argument lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). As we noted, the

Board realized that Village was unable to satisfy the Ordinance because the Board's professional staff was unable to review the application in time.

III.

Plaintiff asserts substantive challenges to the approval of Village's development application, contending its stormwater management report was defective, and its traffic and environmental impact statements were deficient. Judge Telsey construed Vineland's major site plan ordinance and concluded it did not mandate the submission of a traffic or environmental impact statement. Judge Telsey further noted that Village submitted a traffic and environmental report with its application.

As to the stormwater management plan, the judge noted that the author of the report filed a certification, explaining three typographical errors which referenced a different Shop-Rite supermarket at a different location in Vineland. The author explained that the substance of the report applied to Village's property, and the error occurred because the firm also authored a stormwater management report for the other supermarket. Importantly, Judge Telsey noted that any error was not material to approval of Village's application, which sought only preliminary, not final, site plan approval.

9

When considering "a site plan application, [the Board] has limited discretion and typically must grant the application if the proposal complies with local ordinances and the [MLUL]." Shakoor Supermarkets, Inc. v. Old Bridge Twp. Plan. Bd., 420 N.J. Super. 193, 200 (App. Div. 2011) (Sartoga v. Borough of W. Paterson, 346 N.J. Super 569, 581 (App. Div. 2002)). Regarding preliminary site plan approval, the MLUL provides

> An ordinance . . . shall require that the developer submit . . . a site plan and such other information as is reasonably necessary to make an informed decision as to whether the requirements necessary for preliminary site plan approval have been met. The site plan and any engineering documents to be submitted shall be required in tentative form for discussion purposes for preliminary approval.
>
> [N.J.S.A. 40:55D-46(a).]

Thus, "[m]odifications from the preliminary plans to the final plans can be expected." Davis v. Plan. Bd., City of Somers Point, 327 N.J. Super. 535, 540 (App. Div. 2000).

As to the traffic and environmental impact studies, Vineland's zoning regulations for major site plan applications provided that the applicant shall "[p]rovide other data which may pertain to the particular site and use, including traffic and environmental studies or impact analyses." Vineland, N.J., Code § 425-61(B)(17) (emphasis added). The Board's engineer filed a certification in

10

the Law Division litigation stating the ordinance did not mandate submission of those studies with the application, and that he had discretion to require a traffic impact study. He also stated that the traffic study and environmental study Village did submit permitted sufficient review.

We reject plaintiff's contention that other portions of the zoning regulations that describe in detail the contents of a traffic impact study or environmental impact study means such comprehensive reports were mandatorily required for preliminary site plan approval. It was appropriate for Judge Telsey to accord reasonable deference, as we do, to "a municipality's informal interpretation of [its] ordinance[,]" as explained by the Board's engineer and adopted by the Board. Bubis, 184 N.J. at 627. Plaintiff argues the certifications submitted to Judge Telsey were outside the record created before the Board and should not have been considered. We disagree. There was no objection made to the Board regarding the sufficiency of Village's application, so the issue never arose.[2]

Plaintiff's argument regarding errors in the stormwater management report is equally unavailing. The record includes two reports from the Board's

---

[2] We note that at least with respect to the traffic study Village submitted with its application, the Board's engineer reviewed it and made comments for the Board's consideration in a report filed before the hearing.

professionals filed before the hearing on Village's application. Both reference the stormwater management submission Village supplied and include specific comments. In other words, although the consultant's report used the wrong address and supermarket name, those errors in no way inhibited the necessary review of Village's application by the Board's professional staff.

Lastly, plaintiff contends the June 2019 resolution was deficient for lack of factual findings and conclusions. Judge Telsey rejected the argument, as do we.

The MLUL requires every land use board "include findings of fact and conclusions based thereon in each decision on any application for development and shall reduce the decision to writing." N.J.S.A. 40:55D-10(g). "[T]he resolution must contain sufficient findings, based on the proofs submitted, to satisfy a reviewing court that the board has analyzed the applicant's variance request in accordance with the statute and in light of the municipality's master plan and zoning ordinances." N.Y. SMSA, LP v. Bd. of Adjustment, Twp. of Weehawken, 370 N.J. Super. 319, 333 (App. Div. 2004) (citing Medici v. BPR Co., 107 N.J. 1, 23 (1987)).

In this case, the June 2019 resolution, as noted, explained why the Board was granting relief from the one-year time limit in the Ordinance. Furthermore,

the resolution recited the testimony considered by the Board and, albeit rather tersely, addressed the positive and negative criteria in N.J.S.A. 40:55D-70.

To the extent we have not otherwise specifically addressed plaintiff's arguments, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2842-19